Daniel A. Beatty, #018733
Attorney at Law
925 W. Baseline Rd., Ste. 105, #272
Tempe, AZ 85283-0901
captbeatty@gmail.com
602-628-2706
*Attorney for Debtor Niles Lipin*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>NILES LIPIN<br><br>Debtor and Debtor in Possession.<br><br>THE PARSONS COMPANY, INC.,<br><br>Claimant. | CHAPTER 11 PROCEEDINGS<br><br>CASE NO. 2:11-bk-26500-GBN<br><br>**DEBTOR NILES LIPIN'S MOTION FOR [PARTIAL] SUMMARY JUDGMENT AGAINST THE PARSONS COMPANY, INC. ON THE ISSUE OF SETTLEMENT SET OFFS** |

Debtor Niles S. Lipin ("Lipin") moves for [partial] summary judgment on Debtor's Objection against Claim #12 submitted by THE PARSONS COMPANY, INC. ("Parsons") for secret settlement offsets received by Parsons upon the grounds and for the reason that there remains no genuine issues of material fact and that Debtor, Niles S. Lipin is entitled to judgment as a matter of law.

This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure, and is based upon the pleadings and documents on file herein, the affidavit of Lipin, and the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  PLEADING HISTORY**

1. On February 6, 2012 Parsons filed its Proof of Claim (the "Claim") in the amount of

$456,275.00 arising from judgments entered by the Superior Court of Pinal County in 2009 and 2010. Case No.: 2-11-bk-26500 GBN, Doc Claim 12-1.

2. On June 5, 2012 Debtor filed his Objection to the Claim (Case No.: 2:11-bk-26500-GBN; Doc #127, also filed on June 6, 2012 in 2:11-ap-02299-GBN, Doc #38). On June 13, 2012, Parsons filed its Response (Doc #128). Debtor filed his Reply on June 25, 2012 (Doc #134). On July 1, 2012 Debtor filed a Motion for Summary Judgment in 2:11-ap-02299-GBN (Doc #43). On September 24, 2012 Debtor filed a Motion for Leave to Supplement (Docs #166 & 166-1) his June 22, 2012 Objection, raising the issue of secret settlement setoffs to Claim #12. Debtor's Objection to Parsons' Claim 12-1 and Motion for Summary Judgment are set for hearing by this Court on November 6, 2012.

## II. BASIS FOR PARSONS' CLAIM #12

3. Parsons has filed a Proof of Claim (Claim #12) in the amount of $456,275.00 plus accrued and accruing interest, fees and costs based on a Pinal County Superior Court judgment filed on May 21, 2010, attached to Parsons' Proof of Claim. (Separate Statement of Fact "SSOF" ¶ 1).

4. In its adversary complaint (2:11-ap-02299, Doc. #1), Parsons asks this Court to award a non-dischargeable judgment for the attorney fees ($265,475.00 + $35,129.98 as pre-petition interest) against Debtor Lipin, even though Lipin was not a named defendant in Parsons' quiet title action. (SSOF ¶ 2).

## III. BASIS FOR SUMMARY JUDGMENT

5. Debtor is bringing this partial MSJ because Parsons has failed to disclose to this Court and to the Debtor its multiple settlement accommodations received by multiple parties which have offset value to their Claim #12.

6.      Since filing the original Objection, counsel for Debtor has discovered a further basis for objection to Parsons' claim, arising from the procurement of secret settlements paid to the Parsons by other parties in the Pinal County Superior Court case of *Parsons v Walkers, Ranch, et al.* Case No. CV2004-01368 and in the Pima County Superior Court case of *Parsons v. Fidelity National Title Agency Inc.,* Case No. C2005-6259. Both cases arise from the same alleged facts in which Parsons sought recovery for the same alleged damages from multiple parties to the same easement (the "easement") -- damages for lost profits, quiet title, and attorneys' fees for defending title to the easement.

7.      Debtor further asserts that Parsons likely received a third secret settlement and/or preferential billing from its attorneys, Jonathan Rothschild ("Rothschild"), Melvin Cohen ("Cohen"), Paul Loucks ("Loucks") and/or the law firm of Mesch Clark & Rothschild, P.C. ("MCR"), concerning attorneys' fees when litigating these two cases.

8.      In this Motion for Summary Judgment Debtor seeks for the Court to hold as a matter of law that Parsons' Claim #12 be disallowed in its entirety as a false claim for non-disclosure to this Court of the settlement accommodations received by the Parsons.

9.      In the alternative, if Claim #12 is not disallowed in its entirety, then in this Motion for Partial Summary Judgment Debtor seeks for the Court to hold as a matter of law that 1) the settlement accommodations received by the Parsons constitute an offset against Claim #12, and 2) Parsons is required to disclose the value of all accommodations received and paid by Walkers, Fidelity, and Rothschild and/or MCR.

## IV.    **STATEMENT OF FACTS**

10.     A year after suing Ranch and Walkers in Pinal County, on November 9, 2005 Parsons sued Fidelity National Title Agency, Inc. ("Fidelity") in Pima County Superior

Court case of *Parsons v. Fidelity National Title Agency Inc.,* Case No. C2005-6259 (the "Fidelity" case) for failure to properly document, insure, and defend Parsons' easement claims against the Walkers and the two LLC's who purchased the 1,100 acres from the Walkers. (SSOF ¶ 3).

11. Fidelity prepared the easement which was the subject of the litigation in the Pinal County case. (SSOF ¶ 4).

12. The facts of the Fidelity case arise from the same alleged facts in which Parsons sought recovery for the same alleged damages to the same easement on the 1,100 acres owned by Ranch and DPC (the "Easement") in the Pinal County case. (SSOF ¶ 5).

13. By letter dated October 27, 2005 Parsons' counsel wrote to Fidelity concerning a pending settlement with the two LLC's to relocate Parsons' easement, but this proposed settlement did not include monetary damages or attorneys' fees. Instead, Parsons looked to the Walkers and Fidelity for these amounts because of their culpability. Parsons' counsel then quantified Parsons' damage claim for lost business profits of "over $150,000 and growing and attorney fees (which are over $115,000 and growing)." (SSOF ¶ 6).

14. In or about 2006, Lipin suggested that he and Joe Parsons find a settlement solution because continued litigation would cost Parsons a lot of money. Joe Parsons told Lipin that Parsons had great attorneys and they were not costing them anything. (SSOF ¶ 7).

15. Mesch Clark & Rothschild attorney time slips entry on October 26, 2007 state "Review of and review and draft of supplemental disclosure re: all documents [sic] disclosed in Parsons v Fidelity case to be disclosed in Parsons v Walker/AWD case." (SSOF ¶ 8).

16. In April 2008 settlement negotiations began between Parsons and Walkers as per the

Snell & Wilmer ("S&W") attorney time slip entry of April 11, 2008. (SSOF ¶ 9).

17. Settlement negotiations continued between Walkers and Parsons through August 2008 as per the S&W attorney time slips for May, June, July, & August 2008. (SSOF¶10).

18. Two and one-half years after Parsons filed suit against Fidelity, Mesch Clark & Rothschild attorney time slips entry on June 25, 2008 indicate that preparation of delivery and mailing of Parsons' 7th Supplemental Disclosure Statement in the Pinal County case occurred. (SSOF ¶ 11).

19. Parsons' 7th Supplemental Disclosure was a seven page list of witnesses and experts in anticipation of Parsons' Motion for Summary Judgment that was filed just days later. The Fidelity case reference was the last entry of this disclosure and did not include any documents. (SSOF ¶ 12).

20. Between July 28 and July 31, 2008, S&W on behalf of Walkers prepared a release and extinguishment of the Parsons' deed of easement to the 1,100 acres that was at issue in both the Pinal and Fidelity cases and prepared a replacement deed of easement. (SSOF ¶ 13).

21. In August 2008 S&W negotiated settlement of a more preferential easement for access and cattle grazing on the 1,100 acres. (SSOF ¶ 14).

22. In early August 2008 the Walkers' approved a satisfaction of Parsons' promissory note owed to the Walkers by Parsons for the 1998 purchase, forgiving any balance. (SSOF ¶ 15).

23. On August 8, 2008, counsel for the Walkers announced in court that a settlement had been reached with Parsons, the terms of which were kept from Lipin and Ranch. (SSOF ¶ 16).

24. On August 12, 2008 the Pinal County Superior Court dismissed Parsons claims against Walkers pursuant to a stipulated dismissal with prejudice. (SSOF ¶ 17).

25. On or about August 20, 2008 the Walkers gave a 100 acre parcel to Parsons as part of their settlement per the S&W attorney time slip for same date. (SSOF ¶ 18).

26. On January 2, 2009, counsel for Ranch propounded Rule 26 Discovery requests including non uniform interrogatories and request for production of documents regarding the Walkers-Parsons settlement. Both Parsons' and Walkers' responses dated February 27, 2009 objected to any inquiry into the settlement. (SSOF ¶ 19).

27. Fidelity attorney Laura Kam ("Kam") presented a Declaration in which she stated:

> On October 5, 2009 at the hearing on Plaintiff's Motion for Summary Judgment ... counsel for Plaintiff, Melvin Cohen and Patrick Lopez informed me that Plaintiff had settled with Robert and Eve Walker ("the Walkers"), defendants in a related action (in Pinal County). Upon information and belief, the terms of the settlement include the very easement that Plaintiff seeks in the Pinal County Action for which Plaintiff seeks damages in this (Pima County) action. Mr. Cohen represented that the settlement between Parsons and the Walkers includes a conveyance of an easement that is more preferential than the easement allegedly omitted from the title policy ... (SSOF ¶ 20).

28. On or about November 2, 2009, Kam emailed Cohen stating that she knew Cohen was trying to keep the secret Walkers-Parsons settlement from Ranch and DPC and agreed not to transmit the settlement agreement to Lipin and Pierron. (SSOF ¶ 21).

29. On or about November 4, 2009 Kam moved the court to compel production of the 2008 Walkers-Parsons secret settlement, arguing that it was discoverable and relevant because Parsons was seeking a double-recovery through multiple actions. (SSOF ¶ 22).

30. On November 24, 2009 the settlement agreement was ordered to be provided to Fidelity under the terms of a protective order that limited use of the agreement to attorneys and other persons involved with the Fidelity case. (SSOF ¶ 23).

31. On January 16, 2010 Fidelity filed its Notice of Expert Witness Disclosure in the Pima County Case, designating Bruce B. May as its expert witness in real estate law. In

this disclosure Fidelity stated,

> "Mr. May will testify that Jonathan Rothschild of the Mesch, Clark & Rothschild, P.C., law firm failed to comply with that standard of care with respect to his representation of Parsons in the underlying transaction. To the extent the dispute arose from the wording of the easement, Mr. May will testify that Mr. Rothschild fell below the standard of care in his failure to adequately direct preparation of the easement and failure to review the final easement once prepared." (SSOF ¶ 24).

32. On or about January 27, 2010, Pima County Superior Court Judge Borek signed the Confidentiality Order for the secret Walkers-Parsons settlement to be disclosed. In the order, Cohen/MC&R required that upon termination of the case, Fidelity would either return or destroy the Settlement Agreement and certify under oath its destruction. (SSOF¶ 25).

33. Four days after the Confidentiality Order was signed, Fidelity and Parsons announced a settlement had been reached at a Status Conference on February 1, 2010. (SSOF ¶ 26).

34. On or about mid-February 2010 Lipin learned from an online Pima County Court record search that a Minute Entry dated February 1, 2010 in the Parsons v. Fidelity case indicated Fidelity had just settled with Parsons and a Notice of Settlement and Dismissal was to be filed with the Court by no later than April 5, 2010. (SSOF ¶ 27).

35. On or about February 19, 2010 Lipin was informed by his attorney Steven Rensch that he called counsel for Fidelity at Lipin's request to obtain the terms of this settlement, but counsel for Fidelity refused to provide any information. (SSOF ¶ 28).

36. On October 17, 2011, in a different Pinal case (CV2009-03687), Parsons disclosed that it once again had a grazing lease from Walkers over the 1,100 Acres. (SSOF ¶ 29)**.**

37. The Debtor has searched the online Pinal County records and has been unable to locate any record of the settlement terms for the 100 deeded acres from Walkers to Parsons

or the preferential access and cattle grazing easement referred to in Exhibit XX attached to this motion. (SSOF ¶ 30).

## V. STANDARD OF REVIEW

38. Summary judgment is appropriate if the Court while viewing the evidence in the light most favorable to the non-moving party finds that this is no genuine issue of material fact and that the moving party is entitled to judgment. *See In re Cutter*, 398 B.R. 6, 16 (9th Cir. BAP 2008); Fed. R. Bankr. P. 7056.

39. *In re Sasson,* 424 F.3d 864 (Fed. 9th Cir., 2005) controls the standard of review and ability of the Bankruptcy Court to review these matters, in that Bankruptcy courts are authorized to make any orders necessary to carry out the provision of 28 U.S.C. §105, and to fashion relief, as long as the remedy is consistent with the Bankruptcy Code.

## VI. ARGUMENT

**A. Parsons' claim is false because Parsons failed to disclose secret settlement accommodations paid to Parsons by the Walkers in 2008, by Fidelity National Title in 2010, and by other accommodations that are offsets to Claim #12.**

40. Parsons sued the Walkers, Fidelity, Ranch, and Desert Plants Conservancy LLC, in one court or another, alleging the same story, seeking the same damages for obstructing its easement ($190,000) and an award of attorney fees (almost $300,000). Parsons is not entitled to collect on its Easement damages and lawsuit more than once.

41. In Parsons' Response to Debtor's Objection to claim, Doc 128, page 4, lines 18-19, Parsons admits the judgment of $190,800 for Easement damages was only against AWD Ranch LLC and Desert Plant Conservancy, LLC, and not against Debtor Lipin, personally, thereby making Claim #12 a false claim.

42. Parsons also sued the Walkers and Fidelity National Title for the same damages to its easement, including attorney fees and for failure to properly document, record, insure and defend the easement. In or about August 2008 the Walkers paid secret settlement accommodations to Parsons; and in early 2010 Fidelity also paid secret settlement accommodations to Parsons—that are offsets against Parsons' judgment claim against Lipin and Ranch.

43. This is a doubly egregious false claim because Parsons knew at the time they lodged their judgment signed on May 21, 2010 that Parsons had not named or served the Debtor as a defendant and the trial court lacked personal jurisdiction over the Debtor in the Parsons' case in chief. Yet Parsons went ahead and lodged a false or void judgment, and has now presented it as a false claim in this bankruptcy case, compounded by Parsons failure to disclose the offsets paid to Parsons by the Walkers and Fidelity.

44. There are no controverted facts on these matters. Parsons does not contest that settlement accommodations were paid to Parsons by the Walkers and Fidelity as disclosed by trial court pleadings. Finally, Parsons' claim #12 in this case shows that Parsons failed to disclose these secret settlement accommodations as offsets against its Claim #12.

45. Parsons Claim #12 is thereby rendered a false claim submitted with unclean hands because (a) the easement damage judgment was not against Lipin personally; (b) Parsons failed to disclose the settlement offsets from the Walkers and Fidelity paid to Parsons; and (c) Parsons is now seeking to obtain a double recovery against Lipin and Ranch.

46. The Debtor has searched the online Pinal County records and has been unable to locate any record of the settlement terms for the 100 deeded acres from Walkers to Parsons or the preferential access and cattle grazing easement referred to in Exhibit E attached to

this motion. (SSOF ¶ 30).

47. In *Lundell v. Anchor Construction Specialists (In re Lundell),* 223 F.3d 1035, 1039 (9th Cir. 2000) the 9th Circuit said:

> When a debtor objects to a claim and produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, "the burden [of proof] reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *In re Consol. Pioneer*, 178 B.R. at 226 (quoting *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173-74 (3d Cir.1992)). The ultimate burden of persuasion remains at all times upon the claimant. See *In re Holm*, 931 F.2d at 623.

48. The Parsons and Walkers creditors have submitted their claims with unclean hands, acting in concert, each in their own self-interest, without disclosing the secret settlements paid to or by them in order to obtain judgments against the Debtor and AWD Ranch, LLC, which is an asset of the Debtor's estate. The Parsons and Walkers have both failed to disclose these secret settlements in their claims to this Court, but have not denied that these accommodations were paid. Claims 12 and 13 are based solely on judgments obtained by mistake, accident, deception or fraud in that the judgment creditors failed to offset their judgments by settlements received. Now, they present the same claims with unclean hands again, for which sanctions are in order.

**B. In the alternative, if this Court finds that Parsons failed to reveal its settlement(s) received, but some portion of Claim #12 remains, the burden of proof reverts to Parsons to prove the validity of the claim by a preponderance of the evidence as required by *In re Lundell,* 223 F.3d 1035, 1039 (9th Cir. 2000).**

**1) Debtor is entitled to a set off against Parsons' Claim #12 for the value of the 2008 Walkers-Parsons settlement accommodations.**

49. Parsons received settlement funds or other remuneration from Walkers.

50. The attorney fee time-slips disclosed as exhibits in January 2010 to Walkers' application for attorneys' fees filed by Kevin Keating, reveals the probable terms of the

2008 Walkers-Parsons settlement giving Parsons several accommodations including:

    1) Release and extinguishment of the Deed of Easement by Parsons;
    2) Walkers grant of a more preferential replacement Deed of Easement including grant for access and cattle grazing on all 1,100 acres;
    3) Satisfaction of Parsons' Promissory Note and Release of Deed of Trust; and
    4) 100-acre parcel deeded to Parsons from the Walkers.
(SSOF ¶ 9,10,13,14,15,18).

51. The general nature of the 2008 secret settlement accommodations are shown in the attorney fee time-slips attached as exhibits to Walkers' January 2010 application for attorneys' fees filed by Kevin Keating. The value of these and possibly other secret settlement accommodations paid by Walkers to Parsons is not presently known to Debtor but constitute a set off to Lipin and Ranch. The Parsons do not deny that settlement accommodations were paid by Walkers to Parsons, but evidently refuse to make them known to debtor or this Court in a public disclosure, contrary to the intent and purpose of the bankruptcy law. (SSOF ¶ 9,10,13,14,15,18).

52. Settlement agreements are discoverable. See *Ingalls v. Superior Court*, 117 Ariz. 448, 450 (1977) (reversing lower court's refusal to compel production of a settlement agreement); *Ezell v. Burton*, 2007 U.S. Dist. LEXIS 35563*4 (D.Ariz., May 14, 2007) construing Fed. R. Civ. P. 26 and compelling production of testimony regarding a settlement agreement).

**2) Debtor is entitled to a set off against Parsons' Claim #12 for the value of the settlement in 2010 paid by Fidelity to Parsons arising from the easement damages.**

53. In or around October 2005, Parsons looked to the Walkers and Fidelity for damages because of their culpability. Parsons' counsel quantified Parsons' damage claim for lost business profits of "over $150,000 and growing and attorney fees (which are over $115,000 and growing)." (SSOF ¶ 6).

54. A year after suing Ranch and Walkers in Pinal County, on November 9, 2005 Parsons sued Fidelity National Title Agency, Inc. ("Fidelity") in Pima County Superior Court case of Parsons v. Fidelity National Title Agency Inc., Case No. C2005-6259 (the "Fidelity" case) for failure to properly document, insure, and defend Parsons' easement claims against the Walkers and the two LLC's who purchased the 1,100 acres from the Walkers. (SSOF ¶ 3).

55. Fidelity prepared the easement which was the subject of the litigation in the Pinal County case. (SSOF ¶ 4).

56. The facts of the Fidelity case arise from the same alleged facts in which Parsons sought recovery for the same alleged damages to the same easement on the 1,100 acres owned by Ranch and DPC (the "Easement") in the Pinal County case. (SSOF ¶ 5).

57. Attorneys' fees for all parties in both county courts exceeded $1,000,000.00 over some seven (7) years of these disputes (2003 to 2010), so it was no small matter as the two cases edged toward trial in 2008 and 2009.

58. On or about October 5, 2009, counsel for Parsons, Melvin Cohen orally disclosed to Fidelity's co-counsel, Laura Kam off the record during a Fidelity hearing that the Walkers-Parsons secret settlement agreement in 2008 included the conveyance of a more preferential easement to Parsons. (SSOF ¶ 20).

59. Fidelity and Parsons announced a settlement had been reached at a Status Conference on February 1, 2010. (SSOF ¶ 26).

60. On or about mid-February 2010 Lipin learned from an online Pima County Court record search that a Minute Entry dated February 1, 2010 in the Parsons v. Fidelity case indicated Fidelity had just settled with Parsons and a Notice of Settlement and Dismissal

was to be filed with the Court by no later than April 5, 2010. (SSOF ¶ 27).

61. On or about February 19, 2010 Lipin was informed by his attorney Steven Rensch that he called counsel for Fidelity at Lipin's request to obtain the terms of this settlement, but counsel for Fidelity refused to provide any information. (SSOF ¶ 28).

62. It is well-settled that a Plaintiff cannot obtain double-recovery, by maintaining multiple actions. See *EEOC v. Waffle House, Inc.,* 534 U.S. 279, 297 (2002) ("it goes without saying that the courts can and should preclude double recovery by an individual"); *Hyatt Regency Phoenix Hotel Co. v. Winston,* 184 Ariz. 120, 139 (App. 1995) (affirming lower court's set-off of compensatory damages by amount of settlement).

63. Once again, no disclosure was made to Lipin or Ranch by Parsons or Walkers of this secret settlement with Fidelity.

### 3) Debtor is entitled to a set off against Parsons' Claim #12 for the value of any settlement accommodations and/or preferential billing from the law firm of Mesch Clark & Rothschild.

64. Upon information and belief, Debtor has a strong suspicion there is a third settlement and/or preferential billing with Rothschild and/or his law firm (MCR) that Parsons received either a settlement or preferential billing from Rothschild and/or his law firm (MCR) when litigating the Pinal County case and the Fidelity case, in consideration of Parsons not filing suit for MCR's compilation and recording of the Easement and to avoid a possible malpractice claim by Parsons against Rothschild or MCR.

65. Fidelity alleged that Parsons had a secret settlement with Rothschild or MCR, to provide attorney fees at no cost or a substantially reduced fee to escape a malpractice claim. The same allegation may be true in the Pinal County case from which arises Parsons' Claim #12.

66. Litigation in both courts continued for over four years, aggressively pursued by all parties, with inferences by Fidelity that the primary bad actor in the easement dispute in both cases was Parsons' own lawyer, Rothschild of MCR in Tucson as a non-party at fault. Fidelity alleged Mr. Rothschild failed in his duty of care in 1998 to properly prepare the easement and closing instructions for the sale, and failed to assure the easement was insured by Fidelity.

67. Fidelity also contended that Rothschild was not billing Parsons for legal services or was billing at a substantially reduced rate in both cases (Pinal and Pima counties) as part of a secret settlement with Parsons to avoid a malpractice claim.

68. In or about 2006, Debtor Lipin suggested that he and Joe Parsons find a settlement solution because continued litigation would cost a lot of money. Joe Parsons told Lipin that Parsons had great attorneys and they were not costing them anything. (SSOF ¶ 7).

69. In the Pima County case, Fidelity argued that Rothschild's legal malpractice in 1998 caused the easement controversy to the damage of Parsons, for which Fidelity should not be held responsible.

70. As the total attorneys' fees for all parties from 2003-2010 in the Pinal and Fidelity disputes is estimated to be in excess of $1 million, the reduction in actual payments to MCR by Parsons would be a substantial offset as to Lipin and Ranch.

71. Attorneys from MCR have stated to this Court "Even if MCR has not been paid for all the fees it billed for its work in the state court litigation, MCR's claim for payment does not constitute an interest in the underlying litigation." (See AP-2300, Doc 29, page 9, lls. 4-6). However, a settlement or preferential billing in favor of Parsons is a set off as to Lipin and Ranch.

72. Parsons has already collected their Claim #12 by secret settlements from the Walkers and Fidelity for accommodations that remain unknown to Lipin and Ranch. It is also likely that Parsons has collected through another secret settlement with Rothschild/MCR to avoid a malpractice claim.

## VII. CONCLUSION

For the reasons set forth herein, Debtor Lipin's Motion for [Partial] Summary Judgment should be granted in the following particulars as a matter of law because there are no disputed facts:

a. Parsons Claim #12 is false and disallowed in its entirety as to Lipin and Ranch; or, in the alternative,

b. The settlement accommodations received by Parsons from the Walkers constitute an offset against Parsons' Claim #12 as to Lipin and Ranch;

c. The settlement accommodations received by Parsons from Fidelity constitute an offset against Parsons' Claim #12 as to Lipin and Ranch;

d. The settlement accommodations received by Parsons by the attorneys and/or the law firm of Mesch Clark & Rothschild constitute an offset against Parsons' Claim #12 as to Lipin and Ranch;

e. That Lipin be granted his reasonable attorneys fees and costs;

f. For any further relief as this Court may deem proper.

DATED this 1st day of October, 2012.

/s/ *Daniel A. Beatty*,#018733
Daniel A. Beatty
*Attorney for Debtor, Niles Lipin*

# CERTIFICATE OF SERVICE

ORIGINAL of the foregoing electronically
filed this 1st day of October, 2012, with:

Clerk of the United States Bankruptcy Court
District of Arizona
230 North First Avenue, Suite 101
Phoenix, AZ 85003-1706
https://ecf.azb.uscourts.gov

A copy of the foregoing mailed this same date to:
United States Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706

By: */s/Daniel A. Beatty*