MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: ecfbk@mcrazlaw.com
       ploucks@mcrazlaw.com
By: Melvin C. Cohen, # 3728
    Paul A. Loucks, # 19880
    73032-14
Attorneys for *The Parsons Company, Inc.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>NILES LIPIN,<br><br>                Debtor. | Chapter 11 Proceeding<br><br>No. 2:11-bk-26500-GBN<br><br>**RESPONSE TO DEBTOR NILES LIPIN'S MOTION FOR [PARTIAL] SUMMARY JUDGMENT AGAINST THE PARSONS COMPANY, INC. ON THE ISSUE OF SETTLEMENT SET OFFS**<br><br>**-AND-**<br><br>**CROSS-MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF THE VALIDITY OF THE STATE COURT JUDGMENT AGAINST DEBTOR** |

The Parsons Co., Inc. ("Parsons") files this Response to Debtor Lipin's Motion for Summary Judgment and Parsons' Cross-Motion for Summary Judgment on the Issue of the Validity of the State court judgment against Debtor. Debtor has already attempted to relitigate the validity of the State court judgment numerous times, just as he does here. His failure to present admissible evidence to support his claim that he is entitled to contribution

and offset require that this Court deny his Motion.  Additionally, the State court and the District Court have denied Debtor's attempts to relitigate the judgment.  Debtor has had ample opportunity to challenge the judgment and has lost; he is precluded from addressing the issue here and this Court should grant Parsons' Cross-Motion for Summary Judgment.  This Response and Cross-Motion are supported by the Accompanying Memorandum of Points and Authorities and Statement of Controverting and Additional Facts.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. UNDISPUTED FACTS

In or about November 2004, Parsons filed an action against, among others, Debtor's company AWD Ranch, LLC.  (Exhibit A to Dk. 137-1.)  The facts upon which Parsons filed its State court action against Debtor's company (and upon which the State court later entered judgment in Parsons' favor) alleging that Debtor's company intentionally prevented Parsons from accessing a lawfully-granted easement legally recorded against the property Debtor's company purchased.  Parsons later filed an action against Fidelity asking the State court to declare that coverage existed under a title policy issued to Parsons or to reform the title policy Fidelity issued to include as a covered parcel the easement Debtor blocked off. (Parsons' Controverting Statement of Facts ("CSOF") ¶ 43.)

The State court entered judgment in Parsons' favor.  (Claim 12.)  In entering the judgment, the State court included *as a sanction* an order awarding Parsons more than $265,000, finding by clear and convincing evidence that Debtor's single-member limited liability company had engaged in conduct before the State court that "constituted harassment, [was] groundless, and [was] not made in good faith . . . AND that Defendants' defenses to Parsons' claims lacked substantial justification, were defended in a manner solely or primarily for delay or harassment, and unreasonably delayed resolution of" the State court action.  The State court imposed this sanction against Lipin personally as well as his company. (CSOF ¶ 31.)   The State court did not award Parsons its attorney's fees

2

under contract-based theory (no contract existed between these parties other than the recorded Easement) or under Arizona's quiet title statutes upon which Parsons originally filed its action. (CSOF ¶ 32.) S*ee* A.R.S. §§ 12-341.01(a) (contract-based award) or 12-1103 (the quiet title statutes).

Even before entry of this sanction, however, the State court had previously sanctioned Lipin in his individual capacity and awarded Parsons its attorney's fees when Parsons pursued a motion to compel disclosure. (CSOF ¶ 33.)

The State court entered final judgment against Lipin after he voluntarily absented himself from the trial. (CSOF ¶ 34.) Lipin did not appeal from the State court judgment. (CSOF ¶ 35.) Lipin's earlier appeal of a partial summary judgment was dismissed by the State appellate court for lack of jurisdiction, as the partial judgment did not dispose of any claim between the parties. See Ariz. R. Civ. P. 54(b). (CSOF ¶ 36.)

Lipin also filed a Rule 60(c) Motion asking the State court to modify the Judgment entered against him after trial. (CSOF ¶ 37.) In his Rule 60(c) Motion, Lipin argued that the State court Judgment was void because the State court lacked personal jurisdiction over him personally in relation to Parsons. (CSOF ¶ 38.) In his Rule 60(c) Motion, Lipin argued that the State court Judgment was void because the Court failed to provide him a copy of the Judgment. (CSOF ¶ 39.) In his Rule 60(c) Motion, Lipin noted that the parties had never filed a Joint Pretrial Statement. (CSOF ¶ 40.) In his Rule 60(c) Motion, Lipin noted that his trial counsel had filed a motion to withdraw following trial, a motion that the trial court granted on the same date it entered judgment against Lipin. (CSOF ¶ 41.)

Contrary to Lipin's assertion that he and Parsons' principal Joseph Parsons had discussed Parsons' attorneys, Mr. Parsons never discussed with Lipin how or how much Parsons paid the attorneys who appeared for Parsons in the State court litigation, and MR. Parsons never stated that the attorneys "cost[ Parsons] nothing." (CSOF ¶ 42.)

## II. ARGUMENT

### A. STANDARD

Summary judgment is only appropriate if the Court while viewing the evidence in the light most favorable to the non-moving party finds that there is no genuine issue of material fact and that the moving party is entitled to judgment. *See In re Cutter*, 398 B.R. 6, 16 (9th Cir. BAP 2008); Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56.

### B. PARSONS FILED A VALID CLAIM

Debtor's Motion is the fourth time he has impermissibly collaterally attacked the state court's judgment against him in this Court. Debtor has asked for the same relief in 1) Dk. 127, Objection to Claim 12; 2) Dk. 166, Supplemental Objection to Claim 12, 13; and 3) Debtor's Motion for Summary Judgment in Adv. No. 2:11-bk-26500-GBN. Additionally, the District Court dismissed Debtor's collateral attack on the judgment in Debtor's RICO action. (*See* Case No.: 2:11-CV-01599-ROS.) As with all the other documents in which Debtor raises these arguments, no argument Debtor raises in his Motion warrants relief.

Debtor's primary contention is that Parsons filed a false claim. A bankruptcy claim "is false if the statements contained therein are intentionally inaccurate and submitted without any good faith basis for the claim and are not the result of some mistake or clerical error or inadvertent omission." *U.S. v. Overmyer*, 867 F.2d 939, 950 (6th Cir. 1989). A creditor may "submit a claim whether or not he knows the exact amount, whether it is right, or even if the claim is in dispute, as long as he submits the claim in good faith." *Id.*

Debtor filed his objection to Parsons' claim in accordance with 11 U.S.C. § 502. Yet, rather than allow this Court to determine the allowable amount of the claim, as provided by the Bankruptcy Code, Debtor has continued to attack the claim on numerous fronts, including Debtor's latest attack, accusing Parsons of filing a false claim.

Debtor's collateral attack squarely defies the *Rooker-Feldman* doctrine, which prevents a litigant from appealing a state court judgment to a federal court and applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281, 125 S.Ct. 1517, 1520 (2005). While the "*Rooker-Feldman* doctrine has little or no application to bankruptcy proceedings that invoke substantive rights under the Bankruptcy Code or that, by their nature, could only arise in the context of a federal bankruptcy case[,]" bankruptcy courts will apply it and defer to pre-petition State court judgments. *In re Sasson*, 424 F.3d 864, 871 (9th Cir. 2005).

Parsons' claim rests upon a state court judgment. Unlike the *Sasson* debtor, the Debtor here seeks to have this Bankruptcy Court review only the pre-petition State court judgment itself. The decision in *Sasson*, if instructive at all, merely shows Courts' unwillingness to allow parties to circumvent the *Rooker-Feldman* doctrine. And unlike *In re Gruntz*, 202 F.3d 1074 (9th Cir. 2000), or *In re Meadows*, 428 B.R. 894 (Bankr. N.D. Ga 2010), Parsons' judgment is not post-petition and certainly not post-discharge. While Debtor again alleges that the state court lacked personal jurisdiction over him and was obtained by fraud, these arguments have been waived or rejected several times by different courts. (*See* Judgment attached to Claim 12.) Parsons will not again address these arguments but will, for the Court's information, summarize them here.

The State court which entered the judgment against Debtor has already rejected several of Debtor's claims raised through a Rule 60 motion. The balance of Debtor's arguments he simply waived by failing to present them to the State court. While Debtor appealed the court's denial of his Rule 60 motion to the State court of appeals, he never moved this Court to lift stay so that the appeal could continue. Likewise, the District Court denied Debtor's request in his RICO action to reexamine the State court judgment. Debtor

5

is collaterally estopped from relitigating the merits of the State court Judgment and this Court should abstain from addressing the personal jurisdiction issue, especially considering the District Court's determination not to reexamine the State court judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 (1991) (collateral estoppel); *HSSM #7 Ltd. P'ship v. Bilzerian*, 100 F.3d 886, 892 (11th Cir. 1996).

**C. DEBTOR IS NOT ENTITLED TO ANY CONTRIBUTION OR OFFSET**

*1. Debtor Waived Any Payment or Offset Defense When He Failed to Raise the Defense in the State Court Proceeding*

Rule 8(c), Ariz.R.Civ.P., sets forth affirmative defenses which must be timely raised or are deemed waived, including payment. A party seeking to reduce a claim against it by prior payments must raise the issue *before* the court enters judgment. *See Hyatt*, *Evans v. Valley Radiologists Ltd.*, 127 Ariz. 177, 180, 619 P.2d 5, 8 (1980). As with all affirmative defenses, a defense not raised is waived. *See Hyatt*.

Debtor admits in his Motion that his attorney was present at an August 2008 hearing in the State court litigation at which Parsons and the Walkers announced a settlement between them, and the he later became aware in a separate litigation between Fidelity and Parsons that the parties settled at least by February 2010. (Dk. 173-1 ¶¶ 16, 27.) The judgment upon which Parsons' claim arose was entered on May 21, 2010, nearly two years after the announcement of the Walker-Parsons settlement and several months after the February 2010 settlement of the Parsons-Fidelity action. It therefore is undisputed that Debtor knew about the entry of the State court judgment but never timely raised contribution or offset as issues. To have the factual issue of contribution or a reduction of the judgment determined, Debtor was required to raise the issue to the State court prior to trial (a trial he waived by voluntarily absenting himself.) He cannot now raise this affirmative defense years after judgment was entered.

6

Debtor has argued that the State court of appeal in *Hyatt* supports his position because it rejects an earlier Arizona Supreme Court decision. First, the State court of appeals is powerless to overrule the State Supreme Court as Debtor suggests. *City of Phoenix v. Leroy's Liquors, Inc.*, 177 Ariz. 375, 378, 868 P.2d 958, 961 (App. 1993); *see also Tovrea v. Superior Court*, 101 Ariz. 295, 297, 419 P.2d 79, 81 (1966). Second, the *Hyatt* court simply distinguished the earlier Supreme Court case of *Evans v. Valley Radiologists, Ltd.*, 127 Ariz. 177, 180, 619 P.2d 5, 8 (1980).

In *Evans*, a former employee sued for payment of overdue wages. Although the employer paid the employee an advance and apparently made that payment following termination of employment, the employer failed to ever raise offset as a defense during or before trial. Instead, in its motion for new trial, the employer argued that the judgment should be reduced by the amount of the advance. The trial court denied the motion, finding that the employer had waived the defense. The Supreme Court affirmed on appeal, noting that the employer's "failure to raise the issue before judgment was entered waived any right to a reduction in the amount of the judgment or to a new trial predicated thereon." 127 Ariz. at 180.

In *Hyatt*, the court of appeals faced a situation in which, although the defendant never raised offset as a defense, the trial court instructed the jury to find the amount of the damages from which she would "prevent any 'double recovery.'" 184 Ariz. at 139. The court of appeals found that, although the defendant had never pleaded a right of offset, the trial court was still authorized to effectuate an offset because the plaintiff did not object to the jury instruction. *Id.* at 140.

Here, however, it is undisputed that Lipin knew prior to trial of all the settlements into which he alleges Parsons entered. Yet he never timely raised offset as an issue to the trial court. Lipin's offset claim is squarely not cognizable under Arizona law, *Hyatt*, and the judgment cannot be collaterally attacked. *Rooker; Feldman*.

7

### 2. *No Party From Whom Debtor Seeks an Offset Against is a Joint Tortfeasor*

Even if he has not procedurally waived this argument, Debtor has no ground to seek contribution or an offset. Debtor has never argued that any other party (other than his co-debtor, Marie Pierron) had any bearing on his decision to participate in the conduct that prompted the State court to sanction him. While a "joint tortfeasor is entitled to have the amount of another joint tortfeasor's settlement applied in reduction of plaintiff's claim[,]" it is axiomatic that both defendants must be joint tortfeasors for this rule to apply. *See Hyatt Regency v. Winston & Strawn*, 184 Ariz. 120, 138, 907 P.2d 506, 524 (App. 1995). There is no suggestion that any of the parties against whom Lipin seeks contribution even supported Lipin's decision; thus there was never a time when a contribution defense was even ripe. *See S Development Co. v. Pima Capital Management*, 201 Ariz. 10, 21, 31 P.3d 123, 134 (App. 2001) (actors who damage plaintiff independent of each other are collateral sources, and one defendant does not qualify for contribution because of payment received from another).

Debtor presents no evidence that Mesch, Clark & Rothschild ("MCR"), Jonathan Rothschild ("Rothschild"), Fidelity, or the Walkers were joint tortfeasors in the litigation out of which the State court entered a sanctions judgment against Debtor. The State court entered judgment after finding that Parsons was damaged by Debtor's litigation conduct which lacked substantial justification, was conducted "solely or primarily for delay or harassment[] and unreasonably delayed resolution of" the State court proceedings. No other party had any bearing on Debtor's conduct during the State court proceedings – conduct which result in the State court sanctioning Debtor and awarding damages to Parsons. Without presenting any evidence that MCR, Rothschild, Fidelity or the Walkers are joint tortfeasors to Debtor's conduct which resulted in sanctions, Debtor is not entitled to any offset from them.

8

### 3. Debtor Has Presented No Facts Which Support His Claims that Parsons Collected From Other Sources

Rule 56(c), *Fed.R.Civ.P.*, requires a moving party to produce admissible evidence to support material facts which would entitle that party to summary judgment. Here, Debtor's factual support stems from his review of the Walkers' attorney time slips attached as exhibits to the Walkers' January 2010 fee application. Debtor sets forth as "evidence" of secret settlements, "the probable terms of the 2008 Walkers-Parsons settlement[.]" (Dk. 173, pp. 10-11.) Debtor goes on to state that "[t]he value of these and possibly other secret settlements paid by Walkers to Parsons is <u>not presently known</u> to Debtor but constitute a set off to [Debtor] and Ranch." (*Id.* at p. 11 (emphasis added).) Nowhere does Debtor provide any evidence of payment for any other source that could constitute an offset.

The only evidence Debtor presents evidence is that no settlement between the Walkers and Parsons has been effectuated. In fact, Debtor admits that the elements of the settlement agreement he believes were agreed to between Parsons and Walkers resulted in no payments between the parties, and he positively attests that no record exists of any land settlement between the Walkers and Parsons. Likewise, Debtor fails to present any admissible facts surrounding the Fidelity-Parsons settlement. Finally, Debtor alleges that "[u]pon information and belief, Debtor has a strong <u>suspicion</u> that there is a third settlement and/or preferential billing with Rothschild and/or his law firm (MCR)[,]" yet the fee affidavit he submits from the State court plainly states that Parsons is liable for <u>all</u> fees MCR charged. (Dk. 173, p. 13 (emphasis added).) Suspicion is not admissible. Fed.R.Evid. 705; Fed.R.Civ.P. 56(c). Further, Joe Parsons denies ever discussing with Debtor any matters regarding his attorneys showing that at least Debtor's speculations cannot form the basis for entry of judgment.

While Parsons is aware it has the burden to prove what portion of its claim is non-dischargeable, it believes the State court judgment is ample evidence of the fact and amount

9

of Debtor's sanction. Debtor fails in his Motion to establish that there is no genuine issue to any material fact in his Motion. Debtor's total lack of admissible factual support requires that his Motion be denied.

### III. PARSONS' CROSS-MOTION FOR SUMMARY JUDGMENT

For the reasons set forth in Section II(B) above, Parsons is entitled to summary judgment on the issue of the validity of Parsons' State court judgment against Debtor. Debtor has already attempted to relitigate the State court judgment against him several times in this bankruptcy proceeding and, in the interest of economy, Parsons moves to finally put the issue to rest.

Rather than appeal the State court judgment, Debtor chose to file a Rule 60 motion requesting relief from the judgment. In the Rule 60 motion, Debtor challenged the validity of the judgment. The State court denied Debtor's motion and Debtor appealed, acknowledging the "proper" channel for seeking review of a State court judgment. *See Rooker; Feldman.* Now Debtor has chosen not to continue his State court appeal on the denial of his Rule 60 motion. Similarly, the District Court denied Debtor's request to reexamine the State court judgment against Debtor.

Debtor is now prevented by res judicata, collateral estoppel, and the *Rooker-Feldman* doctrine from continuing to challenge the validity of the State court judgment. Not only has Debtor raised numerous challenges to the judgment under a variety of legal theories, but he also had the opportunity to raise *every* challenge that could have been brought against the judgment, including contribution and offset. Finally, Debtor does not get an additional chance in federal court to appeal a binding State court judgment. *Rooker, supra.* Debtor has exhausted his opportunities to challenge the State court judgment. Thus, no genuine issue of material fact exists that would prevent this Court from granting summary judgment in favor of Parsons on the issue of the validity of the State court judgment against Debtor.

10

Similarly, the Court should order that Debtor cannot challenge the amount of the sanctions. The Judgment upon which Claim 12 rests reflects on its face the State court's determination that Lipin's conduct as an individual damaged Parsons in the amount of $265,475. This amount is less than Parsons' claim, and it is the full amount of the damages that the State court found Parsons incurred. Debtor should not be allowed to continue to attack the fact or the amount of Parsons' damages. *Rooker; Feldman.*

## IV. CONCLUSION

Debtor has presented no admissible evidence which could serve as a basis for this Court to grant his Motion and thus the Motion should be denied. Additionally, Parsons is entitled to summary judgment that the State court judgment against Debtor is a valid, final judgment that may not be challenged. Parsons acknowledges that, even with the relief it requests and a State-court judgment finding that Lipin's conduct "constituted harassment, [was] groundless, and [was] not made in good faith" and was undertaken "in a manner solely or primarily for delay or harassment, (CSOF ¶ 31) Parsons remains obligated to establish the additional elements of 11 U.S.C. § 523(a)(6), namely that Lipin's conduct was willful or malicious.

DATED: November _5_, 2012.   MESCH, CLARK & ROTHSCHILD, P.C.

By  /s/Paul A. Loucks
    Melvin C. Cohen
    Paul A. Loucks
    Attorneys for The Parsons Co., Inc.

Copy e-mailed November _5_, 2012, to:

Daniel A. Beatty
Daniel A. Beatty, Attorney at Law
8625 E. Belleview Pl., #1060
Scottsdale, AZ 85257
captbeatty@gmail.com
*Attorney for Niles S. Lipin*

| | |
|---|---|
| 1 | |
| 2 | Chris D. Barski<br>Barski Drake PLC |
| 3 | 14500 N. Northsight Blvd., Suite 200<br>Scottsdale, AZ 85260 |
| 4 | cbarski@barskidrake.com |
| 5 | *Attorney for Debtor* |
| 6 | U.S. Trustee<br>Office of the U.S. Trustee |
| 7 | 230 N. First Ave., Suite 204<br>Phoenix, AZ 85003-1706 |
| 8 | ustp.region14@usdoj.gov |
| 9 | 358115 |

12