MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: ecfbk@mcrazlaw.com
       ploucks@mcrazlaw.com
By:   Melvin C. Cohen, # 3728
      Paul A. Loucks, # 19880
      73032-14
Attorneys for *The Parsons Company, Inc.*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>NILES LIPIN,<br><br>                 Debtor. | Chapter 11 Proceeding<br><br>No.    2:11-bk-26500-GBN<br><br>**CONTROVERTING STATEMENT OF FACTS**<br><br>**AND**<br><br>**CLAIMANT'S SEPARATE STATEMENT OF FACTS** |

     Claimant The Parsons Company, Inc. ("Parsons"), responds to Debtor Niles Lipin's Statement of Facts in Support of his motion for partial summary judgment ("DSOF") seeking to invalidate the State court judgment upon which Parsons' claim rests. (Dk. 173.) Plaintiff's responses and objections are as follows:

     ¶ 1    Parsons admits the facts stated in this paragraph, although it notes that it filed an amended Proof of Claim voluntarily reducing the amount of its claim.

     ¶ 2    Disputed in part.  The State court sanctioned Debtor Lipin individually in the amount of Parsons' attorney's fees as provided in the Judgment attached to Parsons' Proof of Claim.  In reaching its decision, the State court found by clear and convincing evidence

1    that the defendant companies, including Lipin's wholly-owned limited liability company,

2    had before the State court engaged in conduct that "constituted harassment, [was]

3    groundless, and [was] not made in good faith . . . AND that Defendants' defenses to

4    Parsons' claims lacked substantial justification, were defended in a manner solely or

5    primarily for delay or harassment, and unreasonably delayed resolution of" the State court

6    action.  (Claimant's Separate Statement of Facts ¶ 31, *supra*.)

7            ¶¶ 3 and 4        Undisputed.

8            ¶ 5        Objection; disputed in part.  Parsons does not deny that the original claims it

9    prosecuted against Lipin's company and Fidelity were related, but disputes the

10   characterization that the claims "arise from the same" facts.  (*See* Claimant's Separate

11   Statement of Facts ¶ 42, *supra*.)  Moreover, as outlined in Parsons' Response to Lipin's

12   Motion for Summary Judgment, because Lipin waived any claim to offset by failing to

13   request offset prior to entry of judgment, *see Hyatt Regency v. Winston & Strawn*, 184 Ariz.

14   120, 138, 907 P.2d 506, 524 (App. 1995); *Evans v. Valley Radiologists Ltd*., 127 Ariz. 177,

15   180, 619 P.2d 5, 8 (1980), this factual assertion only supports an impermissible collateral

16   attack on the State court judgment.  *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 44 S. Ct.

17   149, 68 L. Ed. 362 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462,

18   103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  The assertion, therefore, is not material and not

19   relevant.  Fed. R. Evid. 401, 402.

20           ¶ 6        Objection.  Although the Court will note that the contemplated 2005

21   settlement was never accepted by the parties.  (*See* Judgment attached to Parsons' Proof of

22   Claim.)  DSOF ¶ 6 accordingly is not material and not relevant.  Fed. R. Evid. 401, 402.

23           ¶ 7        Objection; disputed.  While the parties discussed settlement of the action upon

24   which the State court eventually entered judgment, part of the evidence Parsons admitted at

25   trial in support of his position that the State court should sanction Debtor in his personal

26   capacity was that Lipin always knew the purpose of the Easement and always knew the

2

dimensions of what Parsons requested as alternate access. The State court found, based in part on this evidence, that Lipin's defenses to Parsons' action seeking access "constituted harassment, [was] groundless, and [was] not made in good faith . . . AND that Defendants' defenses to Parsons' claims lacked substantial justification, were defended in a manner solely or primarily for delay or harassment, and unreasonably delayed resolution of" the State court action. (Judgment attached to Parsons' Proof of Claim at 4.) While this conversation never took place (*see* Claimant's Separate Statement of Facts ¶ 41, *supra*.), Debtor's position lies at odds with the *Rooker-Feldman* Doctrine and is therefore immaterial and inadmissible. Fed. R. Evid. 401, 402.

¶ 8       Undisputed. It further is undisputed that Parsons disclosed the existence of its action against Fidelity in the underlying lawsuit. (*See* DSOF ¶ 12 and DSOF Exhibit F at 7 ("Copies of these documents are not being provided at this time but are available for review and/or copying upon request.").) The factual assertion therefore is immaterial.

¶¶ 9 and 10    Disputed in part but immaterial. The parties engaged in various settlement discussions, even before the 2004 action was filed; discussions did not begin at the cited timeframe.

¶¶ 11 and 12  Undisputed, although Lipin fails to acknowledge that the referenced document states that "Copies of these documents . . . are available [through Parsons' counsel] for review and/or copying upon request." (DSOF Exhibit F at 7.) Lipin does not suggest that he ever requested copies of the documents; the statement therefore is immaterial.

¶ 13       Disputed in part. Parsons does not – and cannot – dispute the statements contained in the billing statements but has no ability to determine whether Snell and Wilmer actually conducted the work or did so on those dates. The statement, however, is immaterial, as Lipin admits that no settlement has been effectuated. (*See* DSOF ¶ 30.)

¶ 14   Objection; disputed in part.  Parsons is unable to understand what Debtor means by a "more preferential" easement and is unable to determine what portion of the record Debtor relies upon for this assertion, especially where he admits that he does not set forth (because he does not know) the terms of the settlement agreements.  (*See* DSOF ¶¶ 28, 30; Dk. 173, Motion for Summary Judgment at ¶¶ 46, 50.)  The statement accordingly is insufficient under Rule 7056, Fed. Bankr. P., and Rule 56(c)(1)(A).  *See* Fed. R. Civ. P. 56(c)(2).  Debtor never provides the Court with the terms of the settlement in violation of this requirement, let alone shows whether a term is "more preferential" to any party in any particular draft of the settlement.  *Id*.  Nonetheless, as outlined in Parsons' Response to Lipin's Motion for Summary Judgment, because Lipin waived any claim to offset by failing to request offset prior to entry of judgment, *See Hyatt Regency v. Winston & Strawn*, 184 Ariz. 120, 138, 907 P.2d 506, 524 (App. 1995); *Evans v. Valley Radiologists Ltd*., 127 Ariz. 177, 180, 619 P.2d 5, 8 (1980), his argument merely amounts to an impermissible collateral attack on the State court judgment.  *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).  The statement according ly is immaterial and irrelevant.  Fed. R. Evid. 401, 402.

¶¶ 15 through 17   Undisputed and immaterial.

¶ 18   Disputed but immaterial.  Debtor admits that no property has been "given." (*See* DSOF ¶ 30 (no deed is recorded).)

¶ 19   Undisputed.  It further is undisputed that Lipin has never pursued disclosure of the terms of the settlement agreement between Parsons and the Walkers.  The statement, therefore, is immaterial.

¶ 20   Objection.  Undisputed that Ms. Kam made such representations, although it is evident that her representations conflict with each other.  (*See* DSOF Exhibit I at ¶ 3 ("Upon information and belief, the terms of the settlement include the very easement that Plaintiff

4

seeks in the Pinal County Action") *with id*. at ¶ 5 ("the settlement between Parsons and the Walkers includes a conveyance of an easement that is more preferential than the easement allegedly omitted from the title policy") and DSOF ¶ 30 (no recorded easement exists). At the time she executed the statement in question, Ms. Kam stated that she had not reviewed a copy of the settlement agreement about which she was making a representation. (DSOF ¶ 22; DSOF Exhibit I at ¶ 2 ("I am providing this Declaration in support of Fidelity's Motion to Compel Production of Settlement Agreement.").) The Statement therefore is inadmissible to establish the terms of the agreement. *See* Fed. R. Civ. P. 56(c)(4) and Fed. R. Evid. 602 (foundation must exist to allow witness testimony). The supposed factual assertions, therefore, are inadmissible. (*See* Fed. R. Civ. P. 56(c)(2).) The statement is immaterial.

¶ 21  Undisputed and immaterial.

¶ 22  Disputed in part but immaterial. The motion reflects that Fidelity was trying to discover whether Parsons was seeking a double recovery, not that the settlement constituted a double recovery. (DSOF Exhibit K at 6.)

¶ 23  Undisputed and immaterial.

¶ 24  Objection. Lipin cites only to inadmissible hearsay. (*See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.) While an expert's opinion may be admissible, a second-hand document purporting to restate the opinion is not.

¶ 25  Undisputed and immaterial.

¶ 26  Undisputed and immaterial.

¶ 27  Undisputed that Lipin knew of the existence of the settlement prior to the time the State court conducted the trial or entered the Judgment upon which rests Parsons' Proof of Claim.

¶ 28  Objection. Lipin cites only to inadmissible hearsay. (*See* Fed. R. Civ. P. 56(c)(2); Fed. R. Evid. 802.)

1    ¶ 29    Undisputed.

2    ¶ 30    Objection; disputed in part.  Parsons does not dispute that no recorded
3    document reflecting a "record of the settlement term for the 100 deeded acres from Walkers
4    to Parsons" exists but it does dispute what a "preferential access and cattle grazing
5    easement" means.  Because Lipin cites to no portion of the record and certainly no specific
6    portion of Exhibit E that is admissible, the Court should disregard this assertion.  (*See* Fed.
7    R. Civ. P. 56(c)(2).)

8

9                    CLAIMANT'S STATEMENT OF FACTS

10    Separately, Parsons submits the following statement of facts in support of its Motion
11    for Summary Judgment:

12    ¶ 31    In entering the State-court judgment, the State court included as a sanction an
13    order awarding Parsons more than $265,000, finding by clear and convincing evidence that
14    Debtor's single-member limited liability company had engaged in conduct before the State
15    court that "constituted harassment, [was] groundless, and [was] not made in good faith . . .
16    AND that Defendants' defenses to Parsons' claims lacked substantial justification, were
17    defended in a manner solely or primarily for delay or harassment, and unreasonably delayed
18    resolution of" the State court action.  The State court imposed this sanction on Lipin
19    personally as well as his company. (Judgment attached to Parsons' Proof of Claim at 4.)

20    ¶ 32    The State court did not award Parsons its attorney's fees based on A.R.S.
21    §§ 12-341.01(a) (contract-based award) or 12-1103 (the quiet title statutes).  (*Id.*)

22    ¶ 33    The State court had previously sanctioned Lipin in his individual capacity and
23    awarded Parsons its attorney's fees when Parsons pursued a motion to compel disclosure.
24    (Exhibit 1, State court December 2009 Partial 54(b) Judgment at 9 (submitted without
25    attachments).)

26    ¶ 34    The State court entered final judgment against Lipin after he voluntarily

6

absented himself from the trial.  (Exhibit 2, Notice of Intent to Forgo [sic.] Trial.)

¶ 35    Lipin did not appeal from the State court judgment.

¶ 36    Lipin's appeal of the State court's partial judgment was dismissed by the State appellate court for lack of jurisdiction, as the partial judgment did not dispose of any claim between the parties.  *See* Ariz. R. Civ. P. 54(b).  (Exhibit 3, Memorandum Decision.)

¶ 37    Lipin filed a Rule 60(c) Motion to the State court after it entered Judgment against him.  (Exhibit 4, Lipin's Rule 60(c) Motion.)

¶ 38    In his Rule 60(c) Motion, Lipin argued that the State court Judgment was void because the State court lacked personal jurisdiction over him personally in relation to Parsons.  (*Id.* at 7.)

¶ 39    In his Rule 60(c) Motion, Lipin argued that the State court Judgment was void because the Court failed to provide him a copy of the Judgment. (*Id.* at 7-8.)

¶ 40    In his Rule 60(c) Motion, Lipin noted that the parties had never filed a Joint Pretrial Statement.  (*Id.* at 5.)

¶ 41    In his Rule 60(c) Motion, Lipin noted that his counsel filed a motion to withdraw following trial, a motion that the trial court granted on the same date it entered judgment against Lipin.  (*Id.*)

¶ 42    Joe Parsons did not have any conversation with Lipin in which they discussed how or how much Parsons paid the attorneys who appeared for Parsons in the State court litigation, and he never stated that the attorneys "cost[ Parsons] nothing."  (Exhibit 5, Affidavit of Joseph Parsons.)

¶ 43    The facts upon which Parsons filed its State court action against Debtor's company and upon which the State court entered judgment in Parsons' favor established that Debtor, through his company, intentionally prevented Parsons from accessing the lawfully-granted easement legally recorded against the property Debtor's company purchased, while the action Parsons filed against Fidelity asked the State court to declare that coverage

existed under a title policy issued to Parsons or to reform the title policy Fidelity issued to include as a covered parcel the easement Debtor blocked off.  (*Compare* Judgment attached to Parsons' Proof of Claim *with* Exhibit A to DSOF.)

DATED:  November __5__, 2012.

MESCH, CLARK & ROTHSCHILD, P.C.


By___s/ Paul A. Loucks_____
        Melvin C. Cohen
        Paul A. Loucks
        Attorneys for The Parsons Co., Inc.

Copy e-mailed November __5__, 2012, to:

Daniel A. Beatty
Daniel A. Beatty, Attorney at Law
8625 E. Belleview Pl., #1060
Scottsdale, AZ 85257
captbeatty@gmail.com
*Attorney for Niles S. Lipin*

Chris D. Barski
Barski Drake PLC
14500 N. Northsight Blvd., Suite 200
Scottsdale, AZ 85260
cbarski@barskidrake.com
*Attorney for Debtor*

U.S. Trustee
Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706
ustp.region14@usdoj.gov

357980

8

# Exhibit 1

FILED
KRISTI YOUSEY RUIZ
CLERK OF SUPERIOR COURT

09 DEC -7 PM 1: 25

BY _____
DEPUTY

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF PINAL

THE PARSONS CO., INC.,

             Plaintiff,

vs.

AWD RANCH LLC, an Arizona limited
liability company; R. W. WALKER and
EVE F. WALKER, husband and wife;
DESERT PLANTS CONSERVANCY, L.L.C.,
an Arizona limited liability company,

             Defendants.


             ETC.

Case No: CV2004-01368

**PARTIAL JUDGMENT**
(Foreclosure & Easement)


(Assigned to the
Hon. Robert Carter Olson)

             This matter having come on regularly for summary judgment or judgment on various claims, cross-claims, counter-claims and motions in this matter, the parties having been represented by counsel throughout this matter, and in accordance with the decisions of this Court as announced in its Minute Entries of May 5, 2005, September 10, 2008, March 9, 2009, June 16, 2009, June 23, 2009, and August 5, 2009, and good cause appearing,

             **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that cross-defendants/ cross-claimants R. W. and Eve F. Walker (hereafter the "Walkers") shall have Judgment against cross-defendants/cross-claimants AWD Ranch, LLC ("AWD"), Desert Plants

1

*NCCF*

Conservancy LLC ("DPC"), Niles Lipin, and Mimi Pierron (hereinafter collectively, jointly, severally, and individually referred to herein as "AWD, DPC, Mr. Lipin and Ms. Pierron") as follows:

1.    The Walkers shall have Judgment dismissing with prejudice AWD, DPC, Mr. Lipin and Ms. Pierron's Counts One, Two, Three, Four, and Five of their cross-claims against the Walkers and the Walkers shall be deemed to be the prevailing parties in each of those claims. The Court finds that there are no disputed material facts which would tend to support the claims set forth in said counts, and, in addition, the Court finds that AWD, DPC, Mr. Lipin and Ms. Pierron's Response and Controverting and Separate Statements of Facts submitted to this Court on or about July 23, 2009 should be and they are fully stricken from the record, with said documents having been so stricken forming a separate basis for the Court's granting said Judgment.

2.    The Walkers shall have Judgment granting them the full relief sought in Counts One, Two, Three and Four of the Walkers' cross-claims against AWD, DPC, Mr. Lipin and Ms. Pierron, sounding in foreclosure against AWD, DPC, Mr. Lipin and Ms. Pierron, and such Judgment shall be enforced jointly and severally against each said cross-defendant, and the Walkers shall be deemed to be the prevailing parties in each of those claims. The Court finds that there are no disputed material facts which would tend to support the defenses alleged by AWD, DPC, Mr. Lipin and Ms. Pierron against said counts, and, in addition, the Court finds that AWD, DPC, Mr. Lipin and Ms. Pierron's Response and Controverting and Separate Statements of Facts submitted to this Court on or about July 23, 2009 should be and they are fully stricken from the record, with said documents having been so stricken forming a separate basis for the Court's granting said Judgment.

3.    The Walkers shall have Judgment in their favor and against AWD, DPC, Mr. Lipin and Ms. Pierron, and each of them, jointly and severally, in the amount of $1,340,000.00  that being the sum of the unpaid principal, overdue interest, and accumulated

late fees owed as of November 2, 2009 as demonstrated in the unopposed presentation of such sums to the Court relative to the Court's grant of summary judgment on Counts One, Two, Three and Four of the Walker's foreclosure cross-claims against AWD, DPC, Mr. Lipin and Ms. Pierron. The specific amounts of other damages suffered by the Walkers as a result of other claims brought by the Walkers against AWD, DPC, Mr. Lipin and Ms. Pierron which claims have been determined by the Court in the Walkers' favor on summary judgment shall be found and assessed in separate proceedings after this Judgment is entered.

4. The foregoing indebtedness is secured by the Walker's four Deeds of Trust which Deeds of Trust constitute an equitable lien upon AWD, DPC, Mr. Lipin and Ms. Pierron's title to the four parcels of real property described in Exhibit A (hereinafter, the "Property" or the "Walker Property") attached hereto as part of this Judgment, and AWD, DPC, Mr. Lipin and Ms. Pierron, and each of them, as well as any related or affiliated persons or entities, and any and all persons claiming by, through, or under them, or any of them, are foreclosed of and forever barred of and from all right, title, claim, estate, interest or lien on, in, or to the Walker Property described in Exhibit A, subject to the statutory right of redemption.

5. The four Deeds of Trust recorded on September 25, 2002, are:

(a) Fee Number 2002-051893 of the Official Records of Pinal County Recorder Laura Dean-Lytle (the corrected legal description for which was recorded on December 31, 2003 at Fee Number 2003-090937 of the Official Records of Pinal County Recorder Laura Dean-Lytle),

(b) Fee Number 2002-051899 of the Official Records of Pinal County Recorder Laura Dean-Lytle,

(c) Fee Number 2002-051895 of the Official Records of Pinal County Recorder Laura Dean-Lytle, and

(d) Fee Number 2002-051901 of the Official Records of Pinal County Recorder Laura Dean-Lytle (the corrected legal description for which was recorded on December 31, 2003 at Fee Number 2003-090938 of the Official Records of Pinal County Recorder Laura Dean-Lytle).

The four Deeds of Trust recorded on September 25, 2002, shall be and they hereby are foreclosed and a special execution shall be issued by the Sheriff of Pinal County directing him to seize and sell the Property described in Exhibit A under execution in satisfaction of this Judgment, and to issue a Sheriff's Deed to the subject property after the exhaustion of the statutory redemption period of 180 days, and that the proceeds of said sale be applied as follows, and in the following order, to wit:

**First:** To payment of costs and expenses of said Foreclosure Sale and the Sheriff's fees in connection therewith,

**Second:** To payment of the Walkers' court costs, attorneys' fees, experts' fees and litigation expenses incurred herein prior to said sale, which the Court may later attribute to this foreclosure action, plus advances for real property taxes, insurance premiums, property inspections and all property preservation and security costs and expenses,

**Third:** To payment of the principal sum unpaid on the Promissory Notes and Deeds of Trust on these parcels of this Property, plus unpaid interest incurred thereon, unpaid late fees incurred thereon, calculated from the date of default until the date of said Sheriff's Foreclosure Sale, and

**Fourth:** If the proceeds from said Sheriff's Foreclosure Sale be more than sufficient to satisfy said sums herein adjudged to be due the Walkers, then to payment of any such excess amount over to the Clerk of this Superior Court, to await further notice of this Court.

6. At such Sheriff's Foreclosure Sale, the Walkers may become a purchaser of said Property, but this Judgment shall not constitute an Order of possession.

7. Cross-Defendants AWD, DPC, Ms. Lipin and Ms. Pierron, and each of them, as well as any persons claiming under them, and all persons claiming to have acquired any estate or interest in said premises subsequent to the recording of said Deeds of Trust on September 25, 2002 and the filing in this instant action and the recording on September 14, 2005 of the

4

Notice of Lis Pendens as Fee Number 2005-121801 of the Official Records of Pinal County

Recorder Laura Dean-Lytle, be and they are hereby foreclosed of all right, title claim, or

interest in and to said encumbered Property, except as to the right of redemption granted by

applicable laws of the State of Arizona.

8.     The damages alleged by the Walkers to have been incurred by them by way of a

deficiency amount and the damages incurred as a result of AWD, DPC, Mr. Lipin and Ms.

Pierron's actions in defaulting on the Promissory Notes and Deeds of Trust alleged in said

Counts One, Two, Three and Four of the Walkers' cross-claims shall be tried and determined in

a separate hearing and trial of this Court to be conducted in the near future as determined by the

Court, notwithstanding the judgment stated in Paragraph 3.

9.     The period of redemption of AWD, DPC, Mr. Lipin, and/or Ms. Pierron and their

successors in interest, and all of them, shall be 180 days after the date of the Sheriff's

Foreclosure Sale, in accordance with A.R.S. § 12-1282(B).

10.    The Sheriff of Pinal County shall make due return of this special execution and

order of Sheriff's Foreclosure Sale.

11.    Pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, this

Judgment and Decree of Foreclosure shall be entered forthwith and docketed herein without the

furnishing of any bond by the Walkers or by The Parsons Co., Inc. or the appointment of any

attorney for any of AWD, DPC, Mr. Lipin or Ms. Pierron.

12.    The Walkers shall have Judgment against AWD, DPC, Mr. Lipin and Ms.

Pierron and each of them granting the Walkers' claims in Counts Five and Six of their cross-

claims in this matter. The Court finds that there are no disputed material facts which would

tend to support AWD, DPC, Mr. Lipin or Ms. Pierron's alleged defenses to said claims set

forth in said counts, and, in addition, the Court finds that AWD, DPC, Mr. Lipin and Ms.

Pierron's Response and Controverting and Separate Statements of Facts submitted to this

Court on or about July 23, 2009 should be and they are fully stricken from the record, with

said documents having been so stricken forming a separate basis for the Court's granting said Judgment.

**13.** The damages alleged by the Walkers to have been incurred by them as a result of AWD, DPC, Mr. Lipin and Ms. Pierron's actions alleged in said Counts Five and Six of the Walkers' cross-claims shall be tried and determined in a separate hearing and trial of this Court to be conducted in the near future as determined by the Court.

**14.** The Walkers shall have Judgment against AWD, DPC, Mr. Lipin and Ms. Pierron and each of them awarding the Walkers attorneys' fees in connection with their being (a) the prevailing parties in each of Counts One, Two, Three, Four and Five of AWD, DPC, Mr. Lipin and Ms. Pierron's cross-claims against the Walkers and (b) the prevailing parties in Counts One, Two, Three, Four, Five and Six of the Walkers' cross-claims against AWD, DPC, Mr. Lipin and Ms. Pierron and each of them, each of those claims being deemed to have arisen out of contract, with the amount of such award of attorneys' fees to be determined by the Court after separate briefing and/or hearing, with said award to be issued in a separate Judgment pursuant to Rule 54(b) of the Ariz. R. Civ. Pro.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that neither the Court nor the parties intend, by this Judgment, to in any way affect, negatively or positively, the claims of Loraine Kesselring to an easement, as stated in civil action CV 2009-03687 or otherwise, and nothing herein shall be deemed an acknowledgment or admission with respect to that claim or as a limitation on any party's testimony in the Kesselring lawsuit.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that defendants/counterclaimants AWD and DPC shall have Judgment against plaintiffs/counterdefendants The Parsons Co. Inc. as follows:

This Court finds that on or about November 18, 2004, Parsons Company, Inc. ("Parsons") filed its original complaint in this matter. Count I of the November 18, 2004 complaint alleged an easement by necessity and/or implication; Count II asserted a claim for

a quiet title pursuant to the deed of easement as well as the sales agreement; Count III alleged a claim for a permanent injunction based upon plaintiff's rights under the deed of easement as well as the sales agreement; and Count IV alleges breach of contract against the defendants Walker.

This Court finds, with respect to AWD and DPC's Motion for Summary Judgment, ruled on by minute entry of May 5, 2005, that there are no genuine issues of material fact preventing an award of summary judgment, as follows:

1. AWD and DPC have and they are hereby granted judgment against Parsons on Counts I, II, and III of Parsons' Complaint, with respect to the purchase agreement's purported easement only, but not with respect to the recorded easement that this Court considered on September 10, 2008. (This Court expressly rejects but memorializes the interpretation by AWD, DPC, Mr. Lipin and Ms. Pierron that the 2005 Summary Judgment, as the law of the case, precluded this Court's later summary judgment on September 10, 2008, and this argument is not waived by counsel assisting the Court in drafting this Judgment.)

2. AWD and DPC are granted judgment against Parsons on Count One of their Counterclaim quieting title in AWD and DPC in the real property described in Exhibits A attached hereto and forever barring and estopping Parsons, and those claiming under and through it, from having and claiming any right, title and interest in and to such real property except under the Deed of Easement dated March 31, 1998 and recorded April 3, 1998 in the records of Pinal County, Arizona at fee number 1998-012786;

3. As to Count Three of the Counterclaim, Parsons is permanently enjoined from making any use of the property of AWD and DPC, as Described in Exhibit A, not permitted under the Deed of Easement dated March 31, 1998 and recorded April 3, 1998 in the records of Pinal County, Arizona at fee number 1998-012786; and

4. Count Four of the Counterclaim has been withdrawn by stipulation and is hereby dismissed.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Deed of Easement dated March 31, 1998 and recorded April 3, 1998 as Fee Number 1998-012786 of the Official Records of Pinal County Recorder Laura Dean-Lytle (the "Deed of Easement") is a valid easement and grants Parsons the right to use said Easement for ingress and egress to

the property Parsons owns in fee lying within Section 20, Township 8 South, Range 10 East, of the Gila and Salt River Base and Meridian, Pinal County, Arizona (the "Stockpond"). The Court further finds that there is no just reason for delay and the clerk is directed to forthwith enter the following judgment:

1. The Easement is a valid easement that shall run with the land and shall be for the benefit and use of Parsons and its successors and assigns; such that judgment be entered in favor of Parsons and against AWD and DPC, quieting title in favor of Parsons pursuant to the language and recording of the Deed of Easement, and AWD and DPC are permanently enjoined from obstructing Parsons' rights under the Deed of easement;

2. The Easement is adequately described as a matter of law as to what has been described as the road and three trails, more particularly shown on the map attached hereto as Exhibit B;[1]

3. The Easement does include use by cattle;

4. The determination as to the width of the Easement is reserved for a later time;

5. The subject land is not a no fence district; and

6. AWD and DPC have the right, but not the obligation, to fence the cattle out of AWD and DPC's land, except that they may not fence the cattle or anyone else out of the Easement.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court has jurisdiction over the issues of the rights and priorities of claims to water. All water rights issues shall be bifurcated and tried separately from the other issues in this case.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that AWD, DPC, Mr. Lipin and Ms. Pierron's motion to dismiss Counts VII through IX of Parsons' Second Complaint is denied, except that (1) Parsons' claim is limited to the beneficial interest in the stockpond, which does not exceed 1,095,000 gallons per annum with a capacity of not

---

[1] The easement is further identified in Exhibit C, a legal description that was attached to a lodged form of judgment, and to which no timely objection was received. Exhibit C is illustrative to identify the center line of the easement, however, not the width.

# Exhibit 2

1  Steven R. Rensch  009914
2  Law Office of Steven Rensch
3  3121 E Fargo Circle
   Mesa, AZ  85213
4  (480) 621-7368
   (480) 629-4301 fax
5  srensch@cox.net
6  Attorney for AWD, DPC, Lipin
     And Pierron

FILED
KRISTI YOOTSEY RUIZ
CLERK OF SUPERIOR COURT

'10 MAR 16 PM 3: 04

BY_____
        DEPUTY

7

8                    **SUPERIOR COURT OF ARIZONA**

9                        **FOR PINAL COUNTY**

10

11  THE PARSONS CO., INC.,                    NO. CV2004-01368
                            Plaintiff,
12                                            **MOTION TO CONTINUE**
13                                                  **TRIAL**

14                                            **NOTICE OF INTENT TO**
15      vs.                                       **FORGO TRIAL**

16
17  AWD RANCH, LLC, et. al.,

18                          Defendants.
                                              (Honorable Robert Carter Olson)
19  ------------------------------------------------
          ETC.
20

21        Conservancy hereby moves for continuance of the trial currently set for April 12,
22
    2010, and respectfully provides notice to the Court and opposing parties that undersigned
23
24  counsel will not attend the trial if it goes forward on April 12, for the reasons stated below:

25  **I.  MOTION TO CONTINUE TRIAL**
56
27        **A.    Despite Its Best Efforts, Conservancy Still Does Not Know What Issues**
    **The Upcoming Trial Is Intended To Address.**
28
          From the time undersigned counsel first appeared in this case, he has been trying to

                                    1



determine the issues for the upcoming trial. A review of the file which had been built before his appearance did not answer the question. Repeatedly, at hearings before this Court, he reiterated the question. For the December 3 telephonic hearing, he submitted a Motion for Clarification presenting the question again, but it was not answered by the Court. Instead, the Court instructed counsel to address the question. Accordingly, on December 13, the undersigned sent an email to opposing counsel putting the same question to them. Although counsel for the Walkers promised by return email to address the question shortly, he never did. Counsel for Parsons did not respond at all. (See attached emails.)

Now, trial is less than a month away, and counsel still does not know the answer to the question. And the lawsuit has reached the point where clarification would do no good since there is insufficient time for adequate preparation. Thus, the current trial date is extremely prejudicial to Conservancy.

**B.      In Light Of The Current And Soon-To-Be Appeals And Special Actions, The Trial Could Amount To A Significant Waste Of Judicial And Attorney Time And Client Money.**

Conservancy has already been required to file an appeal of the Court's Partial Judgment of December 7, 2009 and is filing on this date a Notice of Appeal with respect to the Court's denial of its Motion for New Trial. In the next few weeks, Conservancy will also be filing two special actions which bear close relation to the two appeals.

To the extent the issues to be addressed at the upcoming trial deal with the easement -- its purpose, reasonable use, and legality -- then the appeals, should Conservancy prevail, would gut any judgment which came out of the trial. If, for instance, the appellate courts agree with Conservancy that the fraudulent application for water certification by Parsons and the Walkers does in fact make the only stated purpose for running cattle across the easement (namely, watering them at the fraudulently certified stockpond) illegal, then any rights granted to Parsons in the trial with respect to the easement would be reversible.

Given that possibility, Conservancy cannot understand why the Court is pushing so

hard for this early trial date, unless it is simply a matter of deference to the obvious urgency of Parsons and the Walkers.

## II.  NOTICE OF INTENT TO FORGO ATTENDANCE AT TRIAL IF THE CURRENT DATE REMAINS UNCHANGED.

In order to eliminate any prejudice to the opposing parties, undersigned counsel gives notice that he has been instructed by his clients not to appear at trial if the Court sticks with the current trial date. Their reasons, as stated to counsel, are the following:

### A.  Conservancy's Cost-Benefit Analysis Cannot Justify Committing Their Limited Funds To A Trial Which May Be Negated By The Appeals In Any Event.

Conservancy's resources are limited and declining. Thus, it is forced to make a choice as to which areas most warrant the commitment of those resources. Conservancy assumes, without knowing, that the issues to be addressed in the upcoming trial are limited, whereas the issues addressed in the appeals and in the special actions are fundamental. Moreover, the Court has, by its prior rulings, eliminated all arguments and showings Conservancy might make in defense of any claim made by Parsons and the Walkers at the trial. Thus, Conservancy has chosen to reserve its resources for the appeal, the special actions, and -- if they are successful -- the litigation and trial to follow. That leaves nothing for preparation for or attendance at the trial.

### B.  Conservancy Does Not Believe It Can Obtain A Fair Trial In This Court.

Conservancy believes that the adjudication of this case has been remarkably one-sided, even to the point of self-contradiction, that that one-sidedness reflects a bias on the part of the Court, and that Conservancy cannot therefore obtain a fair trial before the present division, and perhaps in this County. Thus, they believe that appearance at the trial constitutes a waste of time and money. Conservancy has decided to seek its day in court, if it

3

is to have one, at the appellate level.[1]

### C.   Conservancy's Objection To Any Expansion Of The Issues.

The only suggestion Conservancy has received as to the possible trial issues is the current draft from Parsons of a Joint Pretrial Statement. The issue as stated therein appears to be whether or not Conservancy interfered with Parsons' use of the easement and, if so, the damages therefor.

For the reasons stated above, Conservancy objects to the trial of even that issue. But Conservancy certainly has no notice of any other issues, and the insertion of any additional issues would be highly prejudicial to Conservancy.

### III.   CONCLUSION.

For the reasons stated herein, Conservancy respectfully requests that this trial be continued indefinitely until the appellate courts have had an opportunity to consider and rule on Conservancy's appeals and special actions.[2] In the event the Court denies this motion to continue, undersigned counsel provides notice to the Court and opposing counsel that, although he will continue as representative of Conservancy in all other regards, he has been instructed by his clients not to appear at the April 12 trial.

DATED: March 16, 2010.

LAW OFFICE OF STEVEN RENSCH

Steve Rensch
Attorney for Conservancy

---

[1] Conservancy will file an Affidavit for Cause on or prior to March 29, pursuant to rule.
[2] Conservancy will endeavor to consolidate the two appeals and one of the special actions to facilitate appellate consideration.

4

Original on March 16, 2010 with:

Clerk of the Superior Court
Pinal Superior Court
PO Box 2730
Florence, AZ 85132

and a copy mailed on the same day to:

Honorable Robert Carter Olson
Pinal Superior Court
PO Box 1748
Florence, AZ 85232

Kevin Keating
Carson Messinger Elliott Laughlin & Ragan
3300 N. Central Ave., Ste. 1900
Phoenix, AZ 85012

Mel Cohen
Paul Loucks
Mesch Clark & Rothschild
259 N. Meyer
Tucson, AZ 85701

Mike Woodlock
Gust Rosenfeld
One S. Church Ave., Ste 1900
Tucson, AZ 85701

**From:** "Kevin Keating" <kkeating@carsonlawfirm.com>
**Date:** December 14, 2009 12:36:48 AM GMT-07:00
**To:** "Steven Rensch" <srensch@cox.net>
**Subject: RE: Motion for clarification**

Nope. I haven't seen anything yet.

KEVIN.


-----Original Message-----
From: Steven Rensch [mailto:srensch@cox.net]
Sent: Sun 12/13/2009 10:53 PM
To: Kevin Keating
Subject: Re: Motion for clarification

Thanks for your response. By the way, to your knowledge, has the
judge signed an order yet?


On Dec 13, 2009, at 10:28 PM, Kevin Keating wrote:

> STEVE,
>
> I will give you my views in a day or two as to what the remaining
> triable issues are. I think that I concur with you and Judge Olson
> that the water-rights trial can conducted at the same time as the
> trial of the other remaining issues. Of course, that's not really
> my issue, but that's my present view for what it's worth.
>
> As I understand it, Judge Olson is not necessarily expecting anyone
> to answer those outstanding questions right away about remaining
> issues and whether the water-rights trial should be a separate one,
> but he will want our views at the next status conference scheduled
> for Jan 11.
>
> KEVIN.
>
>
> -----Original Message-----
> From: Steven Rensch [mailto:srensch@cox.net]
> Sent: Sun 12/13/2009 6:30 PM
> To: Paul A. Loucks
> Cc: Kevin Keating; Michael Woodlock
> Subject: Re: Motion for clarification
>
> On December 3, Judge Olson did not answer the question I posed in my
> Motion for Clarification. Rather, he instructed counsel to get
> together to (1) clarify the issues for Trial 1, and (2) decide whether
> bifurcation was still necessary in light of the fact that AWD Farms is
> no longer in the litigation  The fact that we have not done that is
> partly my fault since I have been in California for the last week.
> But now we need to answer those two questions. As for (1), I believe
> the best way to start is with a statement from one or both of you,
> Kevin and Paul/Mel, as to what you view the Trial 1 issues to be. As
> for (2), I will say that I see no reason for bifurcation, and I

> believe that all the water issues should be included in Trial 1.  Let
> me know your thoughts so we can get back to Judge Olson.  Thanks.
>
>
> On Dec 9, 2009, at 11:23 AM, Paul A. Loucks wrote:
>
> > We have a response deadline calendared for next Monday on AWD's
> > motion for clarification, but I think we did that during the
> > telephonic hearing last week.  Steve, do you need any other
> > information on your motion?
> >
> > Paul A. Loucks
> > Mesch, Clark & Rothschild, P.C.
> > 259 N. Meyer Ave., Tucson,  AZ  85701
> > ploucks@mcrazlaw.com
> > (520) 624-8886
> > FAX # (520) 798-1037
> >
> > To learn more about Mesch, Clark & Rothschild, P.C.,
> > please visit our web site: www.mcrazlaw.com.
> >
> > This transmission is CONFIDENTIAL and intended solely for the
> > recipient. Be aware that any disclosure, copying, distribution or
> > use of the contents of this transmission is prohibited. If you have
> > received this e-mail in error, please notify the sender by return e-
> > mail and then delete this transmission immediately. Thank you.
> >
>
>
>
>

# Exhibit 3

NOTICE: **THIS DECISION DOES NOT CREATE LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED BY APPLICABLE RULES.**
*See* Ariz. R. Supreme Court 111(c); ARCAP 28(c); Ariz. R. Crim. P. 31.24.

FILED BY CLERK

APR 29 2011

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | |
|---|---|
| THE PARSONS CO., INC., | ) |
| | ) |
| Plaintiff/Counterdefendant/ | ) |
| Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| DESERT PLANTS CONSERVANCY, LLC; | ) |
| AWD RANCH, LLC; NILES LIPIN; and | ) |
| MIMI PIERRON, | ) |
| | ) |
| Defendants/Counterclaimants/ | ) |
| Cross-Claimants/Cross-Defendants/ | ) |
| Appellants, | ) |
| | ) |
| v. | ) |
| | ) |
| R.W. WALKER and EVE F. WALKER, | ) |
| | ) |
| Defendants/Counterclaimants/ | ) |
| Cross-Claimants/Cross-Defendants/ | ) |
| Appellees. | ) |
| | ) |

2 CA-CV 2010-0067
DEPARTMENT B

<u>MEMORANDUM DECISION</u>
Not for Publication
Rule 28, Rules of Civil
Appellate Procedure

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV200401368

Honorable Robert Carter Olson, Judge

AFFIRMED IN PART; DISMISSED IN PART

Mesch, Clark & Rothschild, P.C.
  By Melvin C. Cohen, Scott H. Gan,
    and Paul A. Loucks
                                                          Tucson
                                             Attorneys for Plaintiff/
                                        Counterdefendant/Appellee


Law Office of Richard L. Strohm
  By Richard L. Strohm
                                                         Phoenix
                                         Attorney for Defendants/
                            Counterclaimants/Cross-Claimants/
                                   Cross-Defendants/Appellants


The Keating Law Firm, PLC
  By Kevin R. Keating
                                                       Scottsdale
                                         Attorney for Defendants/
                            Counterclaimants/Cross-Claimants/
                                   Cross-Defendants/Appellees

---

V Á S Q U E Z, Presiding Judge.

**¶1**         Appellants Desert Plant Conservancy, LLC; AWD Ranch, LLC; and Niles

Lipin and Mimi Pierron (collectively, DPC) appeal from the trial court's grant of partial

summary judgment against them and in favor of appellee The Parsons Co., Inc. (Parsons),

quieting title in Parsons to an easement over DPC's property.  DPC also challenges the

court's denial of its motion for a new trial, filed pursuant to Rule 59(a)(4), Ariz. R. Civ.

P., that sought to vacate the partial summary judgment ruling.  On appeal, DPC contends

there were material issues of fact sufficient to withstand summary judgment and the court

committed errors of law.  DPC also argues the court abused its discretion when it denied

DPC's motion for a new trial and bifurcated the trials on the easement-related issues from

the water-rights issues.

¶2        DPC also appeals the trial court's orders granting two motions for summary judgment in favor of appellees R.W. Walker and Eve F. Walker (the Walkers). DPC argues the court erred in dismissing its claims against the Walkers for fraud and negligent misrepresentation after finding them time barred and abused its discretion in striking DPC's statement of facts as a sanction under Rule 11, Ariz. R. Civ. P. DPC also challenges the court's summary judgment against it on its claims of breach of warranty and breach of contract and in favor of the Walkers on their counterclaims for negligent misrepresentation and fraud, asserting there existed disputed issues of material fact.

¶3        For the reasons stated below, we dismiss DPC's appeal as to the partial summary judgment in favor of Parsons and the trial court's denial of DPC's motion for a new trial because we lack jurisdiction, and affirm the court's judgment in favor of the Walkers.

### Factual and Procedural Background

¶4        On appeal from a summary judgment, "we view the facts and all reasonable inferences from them in the light most favorable to the nonmoving party." *Aranda v. Cardenas*, 215 Ariz. 210, ¶ 2, 159 P.3d 76, 78 (App. 2007). In 1998, Parsons purchased a parcel of land in Pinal County from the Walkers for use in Parsons' cattle operations. Because the parcel lacked water, Parsons also purchased from the Walkers a twenty-acre parcel upon which a stock pond was located. The twenty-acre parcel was surrounded by land retained by the Walkers (Sections 20 and 30). To provide access to the stock pond, the Walkers granted an easement to Parsons pursuant to a Deed of Easement.

¶5    The easement consisted of a road and several trails that ran through Sections 20 and 30. In 2002, the Walkers sold Sections 20 and 30 to DPC as four separate parcels. DPC intended to use the property for commercial farming operations and for breeding and training small animals. Shortly after purchasing Sections 20 and 30, DPC began erecting fences along the property line. Parsons immediately notified DPC that Parsons was entitled to run cattle across DPC's property to access the stock pond on Parsons' twenty-acre parcel.

¶6    In November 2004, Parsons filed a lawsuit against DPC asserting claims of easement by necessity and implication, seeking to quiet title to the easement, and for a permanent injunction prohibiting DPC from interfering with the easement. DPC filed a counterclaim in which it sought to quiet title to its property free from Parsons' claimed easement, a declaratory judgment, and an injunction. DPC also filed a cross-claim against the Walkers, alleging that Parsons' claims, if proven, constituted a breach of warranty by the Walkers under the DPC/Walker purchase agreement. DPC later amended its cross-claim against the Walkers to include counts for breach of contract, fraud, consumer fraud, and negligent misrepresentation, claiming the Walkers, prior to the closing of escrow, had failed to disclose that Parsons would be running cattle to the stock pond across DPC's property.

¶7    In December 2004, DPC moved for summary judgment on all counts alleged in Parsons' complaint and on all of its claims against Parsons. The trial court granted partial summary judgment in favor of DPC on some of Parsons' claims against

DPC, finding there was neither an easement by implication under the Walker/Parsons 1998 Purchase Agreement, nor did Parsons have an easement by necessity.

¶8    In July 2008, Parsons moved for summary judgment against DPC, this time requesting the trial court to determine Parsons' rights pursuant to the Deed of Easement. In September 2008, the court granted summary judgment in Parsons' favor, finding as a matter of law that the easement was described adequately in the Deed of Easement and that the easement permitted running cattle. The court further found that DPC's right to fence its land did not allow it to fence the cattle out of the easement. The court made no determination as to the width of the easement, expressly reserving that determination for a later date.

¶9    Meanwhile, DPC defaulted on its payments to the Walkers under the promissory notes secured by deeds of trust on the four parcels comprising Sections 20 and 30. The Walkers then filed a third-party counterclaim against DPC alleging separate counts of foreclosure under the four Deeds of Trust. The Walkers sought judgment for unpaid and past-due amounts on the notes and a judgment of foreclosure on the deeds of trust. They later amended their third-party complaint to include counts of fraud and negligent misrepresentation, alleging that DPC had made fraudulent representations in its financial statements, inducing the Walkers to convey the property to it.

¶10    The Walkers subsequently moved for summary judgment on all of their counterclaims and on the claims alleged by DPC in its original and amended cross-complaint. In March 2009, the trial court granted summary judgment in favor of the Walkers on DPC's negligent misrepresentation and fraud counts, finding the claims time

barred by the statutes of limitation. Then, in August 2009, finding no issues of material fact, the court granted the Walkers' motion for summary judgment on the remaining claims.

¶11    On December 7, 2009, the trial court signed a partial judgment memorializing its rulings on all four summary judgments, two in favor of Parsons and two in favor of the Walkers. The court found there was "no just reason for delay" and certified the judgment as final pursuant to Rule 54(b), Ariz. R. Civ. P. However, the court reserved ruling on the issue of the easement's width (as to Parsons) and the issues of fraud damages and the deficiency amount (as to the Walkers) for a later determination. After a bench trial on these issues on April 12, 2010, the court entered two final judgments.[1] DPC did not appeal these judgments, but instead filed a Rule 60(c) motion which, apparently, is still pending.

---

[1]DPC asks us to strike the documents contained in the Walkers' Appendix A, including the final judgment on the Walkers' fraud damages, and Parsons' supplement to the record of final judgment on Parsons' easement and damages claims. We grant DPC's motion and do not consider the substance of the final judgments. We may, however, take judicial notice that a final judgment has been entered post-appeal and that post-judgment motions have been filed, without considering the merits of either the judgment or the motions. *See Scottsdale Mem'l Health Sys., Inc. v. Clark*, 157 Ariz. 461, 468, 759 P.2d 607, 614 (1988) (courts may take notice that judgment rendered and record exists). DPC also asks us to strike Parsons' and the Walkers' references made in their answering briefs related to the pending motion pursuant to Rule 60(c), Ariz. R. Civ. P., and to any factual assertions that were not before the trial court at the time it ruled on the motions for summary judgment. DPC's Rule 60(c) motion was filed after DPC filed its notice of appeal, and we therefore do not consider it. We also do not consider any facts referred to in the parties' briefs that were not available to the trial court when it addressed the motions for summary judgment. *See Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 179 Ariz. 289, 292, 877 P.2d 1345, 1348 (App. 1994) (our review limited to record before trial court at time it considered motion). DPC's motion is granted.

¶12         Meanwhile, in January 2010 DPC moved for a new trial pursuant to Rule 59(a), Ariz. R. Civ. P., arguing Parsons had committed fraud in obtaining certification for the stock pond and seeking to vacate the September 2008 summary judgment ruling. Several months before it filed the motion, DPC had obtained a report from one of its experts regarding the process for the certification of Parsons' stock pond with the Arizona Department of Water Resources. The report stated the stock pond located on the twenty-acre parcel was built recently and therefore did not qualify for the type of certification obtained by the Walkers and Parsons in 1998. DPC argued that because the stock pond certification was illegal, Parsons was prohibited from running cattle to the illegally certified water and, therefore, was not entitled to an easement. The trial court denied DPC's motion for a new trial by minute entry. DPC timely appealed from the entry of the December 7, 2009 partial judgment and from the court's denial of its motion for a new trial.[2]

## Discussion

### I. DPC v. Parsons - Jurisdiction

¶13         As a preliminary matter, we address Parsons' contention that we lack appellate jurisdiction to address the partial summary judgment in favor of Parsons on the easement-related issues. "This court may not address an issue or provide relief if it lacks

---

[2]Notably, DPC's motion for a new trial, filed January 25, 2010, challenging the December 7, 2009 partial judgment was untimely in any event. *See* Ariz. R. Civ. P. 59(d) ("A motion for new trial shall be filed not later than 15 days after entry of the judgment."). However, because no party objected to DPC's motion on timeliness grounds below and because the trial court addressed DPC's motion on the merits, we address DPC's argument pertaining to its motion for new trial.

jurisdiction to do so . . . ." *State v. Bejarano*, 219 Ariz. 518, ¶ 2, 200 P.3d 1015, 1016 (App. 2008). Because "[p]ublic policy is against deciding cases piecemeal," our jurisdiction over appeals generally is "limited to final judgments which dispose of all claims and all parties." *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981); *see also* A.R.S. § 12-2101. Rule 54(b), Ariz. R. Civ. P., permits a trial court to enter an appealable final judgment on fewer than all of the claims in a case, *Garza v. Swift Transp. Co.*, 222 Ariz. 281, ¶ 13, 213 P.3d 1008, 1011 (2009), where such judgment "dispose[s] of at least one separate claim of a multi-claim action," *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991), and contains certification language pursuant to Rule 54(b) (trial court may direct entry of final judgment "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment"). Certification under Rule 54(b), however, "does not give this court jurisdiction to decide an appeal if the judgment in fact is not final, i.e., did not dispose of at least one separate claim of a multi-claim action." *Davis*, 168 Ariz. at 304, 812 P.2d at 1122. We review de novo whether a trial court has appropriately certified a judgment as final and appealable pursuant to Rule 54(b). *Kim v. Mansoori*, 214 Ariz. 457, ¶ 6, 153 P.3d 1086, 1088 (App. 2007).

¶14          DPC contends in its reply brief that the partial summary judgment in Parsons' favor was a final, appealable judgment because it clearly determined the easement's size and location, the core issue in the litigation. Although DPC maintains that the map of the easement attached to the partial summary judgment includes a description of the disputed easement, the trial court explained that the attached legal

8

description was for illustrative purpose only, that is, "to identify the center line of the easement, . . . not the width." The trial court expressly stated that "[t]he determination as to the width of the Easement is reserved for a later time." The judgment, contrary to DPC's argument, left undecided the central issue disputed by the parties. Specifically, DPC's position throughout the litigation was that Parsons' cattle should not be roaming freely through DPC's property to access the stock pond, but rather through a designated and controlled space. Absent a determination of the width of the easement, an essential element of Parsons' quiet title claim, the partial judgment was not an ultimate disposition of that claim and did not terminate the action. We conclude that the partial judgment, although containing Rule 54(b) language, was not a final, appealable judgment. *See Davis*, 168 Ariz. at 304, 812 P.2d at 1122. We therefore lack jurisdiction over DPC's appeal from the court's partial ruling on the easement-related issues.[3]

¶15 Similarly, we lack jurisdiction of DPC's appeal from the trial court's denial of DPC's motion for a new trial. After the court granted Parsons partial summary judgment, DPC filed a motion for a new trial pursuant to Rule 59(a)(4), Ariz. R. Civ. P. DPC argued, as it does on appeal, that newly discovered evidence—Parsons' alleged

---

[3]We may, however, take special action jurisdiction when there is no remedy by appeal and a trial court's ruling constitutes "an abuse of discretion." Ariz. R. P. Spec. Actions 3(c). And a trial court abuses its discretion if it, among other things, "base[s] its ruling on an error of law," as it has done here by designating the partial judgment as final. *Speer v. Donfeld*, 193 Ariz. 28, ¶ 9, 969 P.2d 193, 196 (App. 1998). But DPC does not ask us to accept special action jurisdiction, so we do not. *Harris Trust Bank of Ariz. v. Superior Court*, 188 Ariz. 159, 162, 933 P.2d 1227, 1230 (App. 1996) (this court's acceptance of special action jurisdiction highly discretionary).

fraud in obtaining certification of the stock pond—created a material issue of fact as to the necessity of Parsons' easement, making summary judgment inappropriate.

¶16 A denial of a motion for a new trial generally is appealable. *See* § 12-2101(F)(1) (granting appellate jurisdiction over appeal from order "granting or refusing a new trial"). Section 12-2101(F)(1) does not, however, provide appellate jurisdiction of the denial of a motion for a new trial directed at an interlocutory, partial summary judgment. *See Maria v. Najera*, 222 Ariz. 306, ¶ 13, 214 P.3d 394, 396-97 (App. 2009) (denial of new trial motion not appealable pursuant to § 12-2101(C), nor is jurisdiction created by § 12-2101(F)(1) where partial summary judgment not final pursuant to Rule 54(b)); *compare with Engineers v. Sharpe*, 117 Ariz. 413, 416, 573 P.2d 487, 490 (1977) (new trial motion directed at entry of partial summary judgment, final because it contained Rule 54(b) language, appealable pursuant to § 12-2101(C) as "order made after final judgment," not § 12-2101(F)). As we already have stated, the partial judgment at issue here was not final under Rule 54(b). Therefore, the trial court's denial of the motion for a new trial directed to that judgment did not provide the basis for appellate jurisdiction pursuant to A.R.S. § 12-2101(F)(1).

¶17 Finally, we lack jurisdiction to address DPC's claim that the trial court abused its discretion when it bifurcated the easement trial from Parsons' separate claim relating to water rights associated with its twenty-acre parcel and the stock pond. In September 2008, Parsons amended its complaint to include counts against AWD Farms, LLC, for wrongful diversion and unlawful appropriation of water, private nuisance, and

permanent injunction in regard to Parsons' water rights in the stock pond.[4] After the court's favorable ruling that Parsons had established an easement, Parsons moved to bifurcate the trial on the width of the easement from the trial relating to its water rights. Over DPC's objection, the court granted Parsons' request. The court found that after four years of litigation the newly raised water-related issues "needlessly slow[ed] down the resolution of the original claims that were brought" and thus ordered the trials bifurcated pursuant to Rule 42(b), Ariz. R. Civ. P. The court then confirmed the trial date on the outstanding easement issues.[5]

¶18    The court's bifurcation order was interlocutory in nature because it "does not resolve a matter on the merits and may or may not be essential to the judgment." *State v. Whelan*, 208 Ariz. 168, ¶ 22, 91 P.3d 1011, 1017 (App. 2004). Such orders are not reviewable by direct appeal but only by special action. *See Ariz. Dep't of Econ. Sec. v. Kennedy*, 143 Ariz. 341, 343, 693 P.2d 996, 998 (App. 1985).

¶19    Because we lack jurisdiction to address the issues raised in DPC's appeal against Parsons, we dismiss DPC's appeal from the partial judgment in favor of Parsons and the denial of DPC's motion for a new trial in its entirety.[6]

---

[4]On August 5, 2009, the parties stipulated to dismiss AWD Farms, LLC, from the lawsuit with prejudice.

[5]After the entry of partial judgment on December 7, 2009, Parsons moved to dismiss its water claims without prejudice, so no trial on the water-related issues occurred.

[6]Notably, had DPC timely appealed from the entry of final judgment, it could have obtained review of the trial court's partial judgment, the subsequent denial of its motion for a new trial, and any other interlocutory orders. *See Pepsi-Cola Metro. Bottling Co. v.*

## II. DPC v. the Walkers

¶20     DPC claims the trial court erred in granting the March 2009 and August 2009 summary judgments in the Walkers' favor.[7]  Summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c)(1).  A court should grant summary judgment "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme Sch. v. Reeves*, 166 Ariz. 301, 309, 802 P.2d 1000, 1008 (1990).  The party moving for summary

---

*Romley*, 118 Ariz. 565, 568, 578 P.2d 994, 997 (App. 1978) (timely appeal from final judgment "properly place[s] before [this court] the propriety of all prior non-appealable orders"); A.R.S. § 12-2102(A), (B) (upon appeal from final judgment, appellate court "shall review any intermediate orders involving the merits of the action . . . whether a motion for new trial was made or not" and may review order denying earlier motion for new trial "although no appeal is taken from the order").  Although DPC filed a Rule 60(c) motion after the final judgment, a motion currently pending in the trial court and not subject to this appeal, DPC failed to file a notice of appeal of the final judgment.  Thus, although DPC may seek review from the denial of its Rule 60 motion, *see* A.R.S. § 12-2101(C) (order granting or denying Rule 60(c) motion to set aside judgment appealable as "special order made after final judgment"), it has waived appellate review of the final judgment and prior non-appealable orders, *see* Ariz. R. Civ. App. P. 9(b) (Rule 60(c) motion does not extend time for filing appeal).

[7]We have jurisdiction to review DPC's appeal directed at the December 2009 partial judgment as to the Walkers.  The judgment was a final, appealable judgment because it fully disposed of the Walkers' foreclosure claims and DPC's claims of fraud and breach of contract. Ariz. R. Civ. P. 54(b); A.R.S. § 12-2101.  As to the Walkers' fraud claims, we find that although the judgment left open the question of damages, it is appealable pursuant to § 12-2101(G), which allows appeal "[f]rom an interlocutory judgment which determines the rights of the parties and directs an accounting or other proceeding to determine the amount of the recovery." *See Bilke v. State*, 206 Ariz. 462, ¶ 28, 80 P.3d 269, 275 (2003); *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, ¶ 15, 211 P.3d 16, 24-25 (App. 2009).

judgment has the burden of showing there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *Schwab v. Ames Constr.*, 207 Ariz. 56, ¶ 15, 83 P.3d 56, 60 (App. 2004). "On appeal from a summary judgment, we must determine *de novo* whether there are any genuine issues of material fact and whether the trial court erred in applying the law." *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, ¶ 8, 965 P.2d 47, 50 (App. 1998).

## A. DPC's Negligent Misrepresentation and Fraud Claims

**¶21**        DPC first argues the trial court erred when it granted the March 2009 and August 2009 summary judgments in favor of the Walkers on DPC's cross-claims for negligent misrepresentation and fraud. In granting summary judgment, the court concluded the claims were time barred, dismissing them with prejudice.[8] We review de novo a trial court's dismissal of a complaint on statute of limitations grounds. *Andrews ex rel. Woodard v. Eddie's Place, Inc.*, 199 Ariz. 240, ¶ 1, 16 P.3d 801, 802 (App. 2000).

**¶22**        The limitations period for a claim of negligent misrepresentation is two years. *See Hullett v. Cousin*, 204 Ariz. 292, ¶ 23, 63 P.3d 1029, 1034 (2003); A.R.S. § 12-542(1). Thus, to be timely, DPC was required to file its amended cross-claim for negligent misrepresentation by September 2004, within two years after the cause of action accrued. And a claim for common law fraud must be filed within three years after the cause of action accrues. A.R.S. § 12-543. DPC's fraud claim would have been timely had it been filed by September 2005, within three years after the DPC/Walker

---

[8]The trial court also dismissed DPC's claim for consumer fraud, but DPC does not challenge that ruling on appeal.

transaction took place. DPC, however, did not file its cross-claim against the Walkers alleging fraud and negligent misrepresentation until February 3, 2006. The trial court did not err in dismissing the claims as time barred.[9]

¶23　　　DPC contends, however, that its negligent misrepresentation and fraud claims related back to the date of its original cross-claim, which was filed on December 9, 2004, and therefore were asserted timely. DPC relies on Rule 15(c), Ariz. R. Civ. P., which provides that a claim in an amended pleading relates back if it "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading."

¶24　　　But DPC's negligent misrepresentation and fraud claims do not, within the meaning of Rule 15(c), arise from the same conduct, transaction, or occurrence as its original cross-claim. DPC's original cross-claim against the Walkers for breach of warranty was based on the 1998 Walker/Parsons purchase agreement. DPC's negligent misrepresentation and fraud claims, on the other hand, arose from the DPC/Walker transaction, for which escrow had closed on September 25, 2002. Thus, DPC's claims of breach of warranty and negligent misrepresentation/fraud arose out of entirely different conduct, transactions, and occurrences. The trial court therefore did not err in granting summary judgment to the Walkers on these counts.

---

[9]DPC argues the two-year limitations period for the claim of negligent misrepresentation did not begin to run until May 2003, when DPC supposedly discovered the documents that gave rise to that claim. Because DPC does not support this argument with authority, and only meaningfully addressed it for the first time at oral argument, we do not address it further. *See Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167, 920 P.2d 41, 47 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived."); *see also* Ariz. R. Civ. App. P. 13(a)(6).

## B. DPC's Breach of Contract and Breach of Warranty Claims[10]

¶25      DPC next argues that its claims for breach of contract and breach of warranty against the Walkers should not have been dismissed because there was disputed evidence about DPC's knowledge of Parsons' right to run cattle over DPC's property, and that DPC presented evidence of its damages sufficient to withstand the motion for summary judgment as a matter of law. We disagree.

¶26      In its cross-claim against the Walkers, DPC alleged claims of breach of warranty and breach of contract in connection with the Walkers' failure to disclose the agreement regarding Parsons' ability to run cattle over portions of the property the Walkers had sold to DPC. In their motion for summary judgment, the Walkers argued that no breach had occurred because DPC had notice of the "cattle easement" before the close of escrow on the transaction with the Walkers in September 2002 and that DPC could not "show with admissible evidence that [it] suffered any damages" in any event.

---

[10]In granting the Walkers' motion for summary judgment, the trial court also sanctioned DPC pursuant to Rule 11, Ariz. R. Civ. P., by striking DPC's response to the motion and its contravening statement of facts in their entirety. In its ruling, however, the court found, first, that there were no "disputed facts as a matter of law [that] would require this matter to go forward." The court further stated that its order to strike DPC's response to the motion for summary judgment and to admit the Walkers' statement of facts constituted "an independent and separate basis" for granting summary judgment in favor of the Walkers. Implicit in the court's findings was that the court in fact considered DPC's arguments and evidence in deciding the motion on the merits. We therefore also consider the evidence submitted by DPC, available to the trial court at the time of the summary judgment adjudication. *See Aiken*, 179 Ariz. at 292, 877 P.2d at 1348 (on appeal from grant of summary judgment, court reviews decision on record made in superior court, considering only evidence presented to superior court when it addressed motion).

Finding no issues of material fact, the trial court granted summary judgment in favor of the Walkers. DPC argues on appeal, as it did below, that although it was aware of the existence of the easement, it did not know Parsons intended to use the easement to run cattle to the stock pond. The record does not support DPC's contentions.

¶27 First, the real estate agent involved in the DPC/Walker transaction notified DPC before the close of escrow that the easement permitted Parsons to run its cattle across DPC's property to the stock pond and that Parsons might potentially be using the easement to graze cattle. In his affidavit, the agent stated he had explained that the "small square in the middle [of DPC's property map] represented the 20-acre stock pond . . . to which [Parsons] would be running their cattle from time to time via . . . the easement." The agent's affidavit supported the Walkers' assertion that DPC had been aware of Parsons' use of the easement for cattle.[11] *See N. Contracting Co. v. Allis-Chalmers Corp.*, 117 Ariz. 374, 376, 573 P.2d 65, 67 (1977) (on motion for summary judgment, neither trial nor appellate court may weigh evidence).

¶28 Second, and more importantly, by its own admission DPC knew that Parsons' easement was for running cattle. At the hearing on Parsons' motion for summary judgment, in response to the trial court's inquiry as to the issue actually disputed by DPC, DPC's counsel of record at the time, Mr. Bumstead, responded that the purpose of the easement for cattle was not one of the issues in dispute:

---

[11]DPC argued that it had relied on the Walkers' property listing stating cattle had not grazed on the property for over two years. But, if anything, the listing was an indication that at least at some time in the past there were cattle on the property and did not exclude the possibility of cattle grazing in the future.

16

> THE COURT: . . . Are you conceding that there was the intention to create an easement but just being interpreted too broadly because it is resulting in free grazing over [DPC's property] and it is not disputed that there is an easement for cattle?
>
> MR. BUMSTEAD: Correct, Your Honor. . . . We are not disputing that . . . . What we are disputing is the location of the easement.

DPC's counsel's statement constituted a judicial admission and supported the trial court's ruling on the subsequent motion for summary judgment. *See Clark Equip. Co. v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 189 Ariz. 433, 439, 943 P.2d 793, 799 (App. 1997) (judicial admission is admission of alleged fact party later cannot disprove).

¶29　　　　Because the evidence established DPC knew about Parsons' use of the easement prior to the closing of escrow on the transaction with the Walkers,[12] the trial court did not err in granting summary judgment in the Walkers' favor on DPC's claims of breach of contract and breach of warranty.[13]

---

[12] And because we find there were no issues of material fact as to whether the Walkers breached the warranty and contract with DPC, we need not discuss further DPC's argument that it had presented enough evidence on damages to survive summary judgment as a matter of law.

[13] DPC claims in the heading to this argument in its brief that "the Walkers' foreclosure claim [is] not subject to summary judgment." In the following argument, however, DPC simply asserts in a conclusory manner that because the Walkers concealed Parsons' intentions with respect to the easement and their allegedly fraudulent stock pond certification, "they have no basis for foreclosure or are subject to a 100% offset." Because DPC does not develop this argument or support it with any authority, we do not address it further. *See Schabel*, 186 Ariz. at 167, 920 P.2d at 47 ("Issues not clearly raised and argued in a party's appellate brief are waived."); *see also* Ariz. R. Civ. App. P. 13(a)(6) (requiring appellant to develop argument in opening brief for each contention raised).

## C. The Walkers' Claims of Fraud-in-the-Inducement and Negligent Misrepresentation

¶30    Finally, DPC argues the trial court erred in granting summary judgment in favor of the Walkers on their counterclaims for fraud-in-the-inducement and negligent misrepresentation, because there was a disputed issue as to the proximate cause of the Walkers' injury.  The Walkers argued they were entitled to summary judgment because there was no dispute that Lipin and Pierron, personal guarantors on the four promissory notes DPC had executed, produced false financial assurances inducing the Walkers to rely on such assurances to their detriment.  DPC contends, as it did below, that its undisputed failure to provide the Walkers accurate financial disclosures was not the cause of DPC's default on the purchase agreement.  Rather, DPC maintains, its decision to withhold payment from the Walkers was in response to the Walkers' fraudulent conduct and breach of the purchase agreement.

¶31    Consistent with our previous conclusions, we find no merit to DPC's argument.  The trial court properly concluded there was no genuine issue of material fact as to whether the Walkers had breached the contract or committed fraud.  And DPC admitted that it willingly had withheld payment, resulting in its default on the promissory notes.  Accordingly, there was no issue of material fact as to the nature of the Walkers' damages.  *See CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.*, 198 Ariz. 173, ¶ 19, 7 P.3d 979, 984 (App. 2000) (this court will uphold grant of summary judgment if

18

correct for any reason). We therefore find the court did not err when it granted summary judgment in favor of the Walkers on their fraud and negligent misrepresentation claims.[14]

### III. Attorney Fees on Appeal

¶32    The Walkers have requested an award of attorney fees on appeal pursuant to A.R.S. § 12-341 and § 12-341.01. Because the Walkers have prevailed, and in the exercise of our discretion, we award them their reasonable attorney fees and costs, upon compliance with Rule 21(c), Ariz. R. Civ. App. P.

¶33    Parsons also requests an award of fees, but as a sanction against DPC for filing a frivolous appeal, pursuant to Rule 25, Ariz. R. Civ. App. P. Rule 25 allows us to "impose upon the offending attorneys or parties such reasonable penalties or damages," "[w]here the appeal is frivolous or taken solely for the purpose of delay." An appeal is frivolous when either (1) it is prosecuted for an improper purpose, or (2) any reasonable attorney would agree that the appeal is without merit. *Price v. Price*, 134 Ariz. 112, 114, 654 P.2d 46, 48 (App. 1982). Our determination under Rule 25, however, does not depend on the outcome of the appeal or the novelty of the issues raised. *See Ariz. Tax Research Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258, 787 P.2d 1051, 1054 (1989). As we have stated above, the trial court erroneously certified the partial judgment as to

---

[14]DPC also argues the trial court abused its discretion when it imposed sanctions pursuant to Rule 11, Ariz. R. Civ. P., and struck DPC's response to the Walkers' motion for summary judgment and accompanying statement of facts because the facts it had alleged were true and the sanction, in any event, went "far beyond what was appropriate." Because we agree with the court's ruling on the motion for summary judgment, we need not address the merits of DPC's Rule 11 sanction argument.

Parsons as a final, appealable judgment pursuant to Rule 54(b), thus providing a basis for DPC's appeal. Therefore, we decline to impose attorney fees as a sanction in this case.

## Disposition

**¶34** For the reasons set forth above, we dismiss DPC's appeal from the partial judgment in favor of Parsons and from the trial court's denial of the motion for a new trial for lack of jurisdiction and affirm the partial judgment in favor of the Walkers.


_____
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Judge


_____
J. WILLIAM BRAMMER, JR., Judge

# Exhibit 4

Richard L. Strohm, Arizona Bar 004622
LAW OFFICE OF RICHARD L. STROHM, PC
11 West Jefferson Street, Suite 1000
Phoenix, AZ 85003
Email: rstrohm@strohmlaw.com
Telephone: 602.252.0099
Facsimile: 602.252.2128
*Attorneys for: Defendants/Counterclaimants/*
*Cross-Claimants/Cross-Defendants AWD Ranch, LLC*
*and Desert Plants Conservancy, LLC, Third Party Defendants*
*Niles Lipin, Mimi Pierron*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

# IN AND FOR THE COUNTY OF PINAL

| | |
|---|---|
| THE PARSONS CO., INC.,<br><br>          Plaintiff,<br><br>v.<br><br>AWD RANCH LLC, an Arizona limited liability company; R.W. WALKER and EVE F. WALKER, husband and wife; DESERT PLANTS CONSERVANCY, LLC, an Arizona limited liability company,<br>          Defendants.<br><br>Etc. | **Case No. CV 2004-01368**<br><br>**DEFENDANTS/COUNTERCLAIMANTS AWD RANCH, LLC, DESERT PLANTS CONSERVANCY, and THIRD PARTY DEFENDANTS NILES LIPIN and MIMI PIERRON'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60(c)**<br><br>**(Assigned to the Hon. Robert Carter Olson)** |

Defendants/Counterclaimants AWD Ranch, LLC ("AWD"), and Desert Plants Conservancy, LLC ("DPC") and Third Party Defendants Niles Lipin, and Mimi Pierron, by and through counsel undersigned, and pursuant to 60(c) Ariz. R. Civ. P., respectfully request that the Court set aside the three judgments entered May 21, 2010 for the reasons stated more fully in the attached Memorandum of Points and Authorities.

CONFORMED COPY FURNISHED

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    The Three April Judgments Are Void

Three final judgments were signed by the Court on May 21, 2010: 1) Judgment for the Deficiency Amount, Fraud Damages, and Attorneys' Fees and Costs ("Walkers' Judgment"); 2) Judgment Between the Parsons Co., AWD Ranch, Desert Plants Conservancy, Niles Lipin, and Mimi Pierron ("Parsons' Judgment"); and 3) Judgment for Costs in favor of Plaintiff, The Parsons Co., Inc. ("Costs Judgment"). All three Judgments are void pursuant to 60(c)(4) Ariz. R. Civ. P.

Rule 60, Ariz. R. Civ. P. is intended as the vehicle to correct judgments that are unjust due to circumstances that can be corrected at the trial court level rather than by direct appeal. *Tippit v. Lahr,* 132 Ariz. 406, 646 P.2d 291 (App. 1982). The rule specifically permits relief due to "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud," or if "4) the judgment is void." Each of the three Judgments of May 21 are void because the April bench trial was conducted in violation of 16(d) Ariz. R. Civ.P.

The judgments were signed after a bench trial on April 12, 2010, which was conducted over objection of counsel, without a joint pretrial statement containing a list of triable issues, or disclosing witnesses, exhibits. or otherwise complying with 16(d)(1) Ariz. R. Civ. P. Counsel for AWD and DPC moved on March 16, 2010 to continue the trial until such time as the specific issues for trial were identified. Previously the Court had granted a series of motions for summary judgment against AWD and DPC, which have been appealed. Pending on appeal in Division II of the Arizona Court of Appeals as 2 CA-CV 2010-0067 is this Court's Judgment containing 54(b) language of December 7, 2009. At the time of the bench trial the complicated litigation was almost 5½ years old, involved numerous pleadings including Complaint, Answers, Counterclaims, Third party Claims and Cross Claims, and 8 parties.

The court record indicates that on March 10, 2010 Plaintiff Parsons filed various Motions in Limine regarding the April trial, to which AWD and DPC filed their responses on March 22, 2010. However, no Joint Pretrial Statement pursuant to Rule 16(d)(1) Ariz. R. Civ. P., was ever prepared or filed. Counsel for AWD and DPC requested in a Motion to Clarify filed shortly before the December 3, 2009 hearing that the remaining issues for trial be made a matter of record. The Court ignored the request to issue clarification and directed the parties to meet and confer.

In an effort to comply with the Court's Order AWD and DPC counsel then sent an email to Walkers' counsel (attached as an exhibit to his Motion to Continue Trial of March 16, 2010), who promised an answer but did not follow through. Counsel for Parsons never responded at all to the email requesting issue clarification. The Court published a minute order on March 22, 2010 setting a status review hearing for March 26, 2010, in which the Court stated:

> The Court seeks an update from counsel on their efforts to narrow the remaining claims in this matter, and the Court shall hear the views of counsel on vacating the current trial date and staying this matter, but not staying the enforcement of judgments. It appears to the Court that, in light of the appeal and cross-appeal, as well as the unexpired right of redemption, the more economical and appropriate course might be to await resolution of these issues before proceeding.

In his Motion to Continue Trial filed March 16, 2010, counsel for AWD and DPC lodged an objection to expansion of any of the issues beyond "whether or not Conservancy interfered with Parsons' use of the easement and, if so, the damages therefore." Neither Parsons' counsel nor the Walkers' lawyer objected nor took any steps to specify other issues for trial. Nor did plaintiffs comply with Rule 16(d), which requires the joint memoranda to be filed 5 days before trial. In fact, no joint pretrial statement involving all the parties in agreement and indicating what issues would be tried was ever filed in this case.

3

Nor did the Order of March 22, 2010 set forth any triable issues. Counsel for AWD and DPC did not know, a month before trial, what the remaining issues would be for the April trial, tried despite counsel's best efforts and his Motion for Clarification asking the Court to rule on what issues remained for the trial.

Rule 16(d)(1) states:

> (1) Counsel or the parties who will try the case and who are authorized to make binding stipulations shall confer and prepare a written joint pretrial statement, signed by each counsel or party, ***that shall be filed five days*** before the date of the final pretrial conference…

In October 2000, the Arizona Supreme Court issued an Order which abrogated the Uniform Rules of Practice of the Superior Court, and transferred most of the provisions to the Rules of Civil Procedure. Rule 16(d) was extensively amended in 2008 to change the procedure for identifying issues for trial, and made mandatory the filing of a Joint Pretrial Memorandum. It is well established that the joint pretrial statement previously required by the abrogated Uniform Rules of Practice controls the course of the trial, and is fundamental to due process. *Murcott v. Best Western Intern., Inc.,* 198 Ariz. 349, 9 P.3d 1088 (App. 2000); *Carlton v. Emhardt,* 138 Ariz. 353, 674 P.2d 907 (App. 1983); *Gertz v. Selin,* 11 Ariz. App. 495, 466 P.2d 46 (App. 1970); *Loya v. Fong,* 1 Ariz. App. 482, 404 P.2d 826 (1965).

Here, there was no compliance with Rule 16(d)(2)(B) such that contested issues of fact and law were never outlined in a ***joint*** pretrial statement in advance of trial. In particular, there was no ***joint*** designation of any of the issues at the upcoming trial. In fact Parsons' Pre-Trial Memorandum filed April 8, 2010 stated the only issues for the April trial were:

> the remaining issues as to the width of the easement and any damages that may have resulted from Parsons being denied access to its easement, are the issues for this trial.

On April 9, 2010 two status conferences were held to determine whether to move forward with the scheduled trial, during which counsel for AWD and DPC again lodged his objection to the trial moving forward for all the reasons stated thus far. No joint pretrial statement had been agreed upon or filed 5 days prior to these status conferences. However, the afternoon of April 9, 2010, the Court ordered that the trial would take place the morning of the next business day and would be a bench trial.

On April 12, 2010, the Court conducted a trial over the objection and without the participation of AWD and DPC, or counsel, and found in favor of Parsons and Walkers. The Court ordered that Parsons' and Walkers' counsel submit proposed forms of judgment by May 4, 2010, and set the matter for final review on May 21, 2010.

On April 21, 2010, AWD and DPC's counsel filed a motion to withdraw as counsel of record, which was granted on May 21, 2010. On May 21 the Court also conducted a hearing on the proposed form of judgments, and signed both judgments.

On April 29, 2010, the Pinal County Sheriff's Foreclosure Sale resulted in a credit bid by the Walkers of $1,100,000.00, without conducting a priority hearing to determine fair market value of the foreclosed property, in violation of A.R.S.§ 12-1566 and A.R.S §33-814.

## II. Legal Argument

### A. Defects in Parsons' Judgment

#### 1. Cattle Easement Was Procured by Surprise or Fraud

The Judgment rules on issues that were not disclosed as contested. For example, the Court has created out of whole cloth a new width of the easement that had not been litigated or even part of the trial record for the previous 5 years, nor specifically litigated in the briefing and argument in any of the summary judgment motions. The submitted form of judgment states:

> THE COURT FURTHER FINDS THAT, given the Parsons' use of the Western Stockpond Easement, the Butterfly Easement, and the McClellan Wash Easement (collectively the "Trail Easements") principally will be for

5

ingress and egress by cattle across the Servient state, the
necessary and reasonable width of Parsons' use of this
portion of the Servient Estate is 30 feet, but 150 feet when
the trails are used to drive cattle.

(Parsons' Judgment p. 3, lls. 16-21). The Court simply signed the Judgment submitted by

Parsons that contained this curious conclusion regarding cattle drives. The Court was

oblivious to the fact that inclusion of this language is inherently inconsistent with his

prior rulings that had determined use and scope, and was not an issue that was before the

Court at the April bench trial, nor was it designated an issue in any pretrial document as a

potential issue. In fact the transcript of the August 5, 2009 hearing is instructive:

> THE COURT:     It's my understanding that there's a settlement
> between Parsons and Walker. Where do things stand now?
> MR. COHEN:     Again, because of our settlement with Walker
> the width of the easement doesn't become, has no value so--- and
> as a practical matter, we have no interest in recovering damages
> against these defendants.
> So because of the settlement we had with Walker, our easement---
> based upon the summary judgment, our easement is no longer an
> issue as to Walker because of our Settlement.
> **So pending the Court's order, we don't need a trial on
> the width.** And the only issue, therefore, would be damages.
> And, frankly, we have no interest in wasting time to have a pyrric
> victory.
> THE COURT:     Mr. Keating?
> MR. KEATING:  I'm in agreement with what he was saying
> about the easement. I think technically with a foreclosure and
> repossession, **there won't be any need to have any ruling from
> the Court on the easement.**

Emphasis added. Transcript, August 5, 2009, p. 36, l. 25—p.37, l.15.

Since the cattle/width easement issue was never part of the litigation until the

form of a judgment presented to the Court for signature but has become an integral part of

the Court's ruling, the Judgment is void as a matter of law and pursuant to 60(c)(4) and

the Court must vacate the judgment. *Martin v. Martin*, 183 Ariz. 11, 893 P.2d 11 (App.

1994). In the alternative Parsons' Judgment is the product of mistake, surprise and/or

fraud and must be set aside pursuant to Rule 60(c)(1) and(3).

6

### 2. Damages Against Lipin and Pierron Personally Are Improper

Next, the Parsons Judgment improperly assesses damages against Niles Lipin and Mimi Pierron, who were not represented at the time because Parsons had never amended its complaint to bring them personally into the case as third parties, nor were they aware of any issues to be tried regarding their personal liability at the April hearing, nor did they sign any joint pretrial memorandum. The draft of Parsons' and Walkers' proposed pretrial statement required by 16(d)(1) did not notify Pierron nor Lipin of their personal liability to be tried in relation to Parsons' trial issues. Opposing counsel, whose responsibility it was to draft and circulate the final pretrial statement, never bothered to actually file any joint pretrial memoranda to AWD, DPC, Lipin, or Pierron, in a timely manner nor did the judge require that a joint pretrial memorandum be filed.

At the April hearing, which neither Pierron nor Lipin attended, the Court allowed whatever "evidence" on whatever issue Walkers' and Parsons' attorneys chose to talk about in open court, without being bound to specific triable issues, that would have to have been clearly delineated under the rule. When the hearing ended, opposing counsel simply drafted forms of judgment that contained favorable findings for their clients, which the Court signed, despite Pierron and Lipin being unaware that issues concerning their liability would be tried, without representation and without an opportunity to be heard. The Parsons' Judgment names Lipin and Pierron personally as "jointly and severally" liable for over $265,000 in attorney fees that were incurred over years of litigation with AWD and DPC; however, at no time in this case did Parsons ever amend its complaint to include third party claims against Lipin and Pierron personally. The Judgment is the result of surprise or fraud pursuant to Rule 60(c)(1) and (3) and void pursuant to Rule 60(c)(4).

### 3. Lipin and Pierron Were Not Properly Notified of the Judgments Against Them.

The court approved counsel for AWD and DPC's withdrawal during the trial on May 21. AWD and DPC's counsel did not personally represent Pierron and Lipin in

regards to Parsons' claims because they were not parties in the case. Parsons' only notification of the signed judgments to AWD and DPC was to email a copy of them to AWD and DPC's former counsel on June 1 and did not constitute legal service. Pierron and Lipin were not legally served a copy of the judgments naming them personally liable from the court or counsel. AWD and DPC were never legally served with the judgments. The Judgment is the result of surprise or fraud pursuant to Rule 60(c)(1) and (3) and is void pursuant to Rule 60(c)(4).

### B. Defects in Walkers' Judgment

#### 1. The Walkers' Judgment Derives From a Bench Trial Without Compliance with 16(d)(1)

Walkers' counsel did not submit any proposed pretrial memorandum for the April hearing and did not comply with 16(d)(1). Counsel submitted a form of judgment that included damage awards for findings of fact and law after a hearing that was held without jointly disclosed triable issues including: 1) damages for alleged Fraud and Misrepresentation, and 2) attorneys fees awarded for alleged violation of A.R.S. §12-349 and 12-341.01(C). The bench trial occurred without certification of triable issues, and the subsequent Walkers' Judgment including deficiency was procured by surprise and/or fraud and must be set aside pursuant to Rule 60(c)(1) and (3), and is void as a matter of law for the reasons set forth previously, pursuant to Rule 60(c)(4).

#### 2. The Walkers' Judgment Violates A.R.S §12-1566

The Sheriff's Foreclosure sale was held on April 29, 2010. The Walkers obtained title to the property by a credit bid of $1,100,000.00. The credit bid was not valid, millions below the market value of the property. A.R.S. §12-1566(C) states in part:

> Any Judgment debtor against whom a judgment has been entered pursuant to Section 33-725 or 33-814 may, not later than thirty days after sale of the real property, file a written application with the court for determination of the fair market value of the real property which has been sold. Notice of filing the application and of the hearing shall be given to all parties to the action. The fair market value

shall be determined by the court at a priority hearing
which shall be held upon such evidence as the court may
allow...

The Court signed the Judgment in favor of the Walkers on May 21, 2010 over a week *before* the statutory period for assessing fair market value passed, depriving the former owners from establishing the fair market value of the property before the Court fixed the dollar value of the deficiency and without conducting a hearing to determine fair market value therefore rendering the sheriff's sale invalid. Further, the court record shows that the Walkers lodged the form of Judgment on May 17, 2010, which the Court signed on May 21, 2010, without allowing defendants the opportunity to file their objections, in violation of 58(d) and 6(a) Ariz. R. Civ. P.

A.R.S. §12-1566(C) also states in part:

> ...(T)he court shall issue an order crediting the amount due
> on the judgment with the greater of the sales price or the fair
> market value of the real property. Fair market value shall
> mean the most probable price, as of the date of execution
> sale, in cash, or in terms equivalent to cash, or in other
> precisely revealed terms, after deduction of prior liens and
> encumbrances with interest to the date of sale, for which the
> real property or interest therein would sell after reasonable
> exposure in the market under conditions requisite to a fair
> sale, with the buyer and seller each acting prudently,
> knowledgeably and for self-interest, and assuming that
> neither is under duress...

The credit bid of $1,100,000.00 was unconscionably low. In fact, even without an appraisal the Walkers had notice of the value of the property from onsite visits, were fully aware of the millions of dollars of development and improvements made to the property since 2002, and as disclosed by the AWD and DPC bankruptcy schedules provided to them in April and May 2009. Walkers' bid for the property considered nothing more than the raw land with no improvements at all plus interest. Defendants are facing about a million dollars in deficiency based on a Judgment that is void and/or has

9

been obtained by mistake due to the Court's failure to permit the debtors to apply for a fair market value determination within the statutory time period required by A.R.S.§12-1566(C).

The consequence of the Court prematurely signing the Walkers' Judgment has been to deprive the owners of their equity in the land they owned, without due process of law. This cannot be deemed "harmless error," because the defendants have been grossly prejudiced because the true fair market value of the property likely exceeds the cumulative total of all of the damages in the three judgments, such that if true fair market value had been paid for the property, no outstanding balance would be owed by the defendants to anyone in this case.

### 3. The Walkers' Judgment Violates A.R.S §33-814

Arizona law contemplates that any deficiency determination requires a hearing to establish fair market value, and no judgment may be issued until the debtor has had his day in court and presented any and all relevant evidence relating to fair market value. A.R.S. §33-814(A) states that in any action to recover deficiency damages for non-exempt property:

> ...In any such action against such a person, the deficiency judgment shall be for an amount equal to the sum total amount owed the beneficiary as of the date of sale, as determined by the court less the fair market value of the trust property on the date of the sale as determined by the court or the sale price at the trustee's sale, whichever is higher.

Walkers sought judgment for a deficiency balance due under certain loan documents subsequent to the Walkers having completed a non-judicial trustee's foreclosure sale of the real property that secured the loan. The court is obliged to determine the fair market value credit allowed against the subject loan balance as of the date of the foreclosure sale at a priority hearing. The Court failed to permit such a hearing in violation of A.R.S §33-814(A). The Walkers' Judgment must therefore be set

1  aside as procured without compliance with A.R.S §33-814, pursuant to Rule 60(c)(1) (2),
2  (3) and (4) Ariz. R. Civ. P.

3  **4. The Walkers' Judgment Was Not Served to Any of the Defendants.**

4  Defendants AWD, DPC, Pierron and Lipin were not present nor represented
5  by counsel at the signing of the judgments on May 21, 2010. Defendants never received a
6  copy of the signed Walkers' judgment via counsel for Walkers or the court. The
7  Walkers' Judgment does not contain any mailing certificate. Defendants were not aware
8  of the Walkers' judgment until the fall of 2010. The Walkers' Judgment was procured by
9  surprise and must be set aside pursuant to Rule 60(c)(1), and is void as a matter of law for
10  the reasons set forth previously, pursuant to Rule 60(c)(4).

11  Wherefore, Pursuant to Rule 60(c) defendants respectfully request that the
12  Court issue its Order vacating all 3 judgments entered of record May 21, 2010 and
13  invalidate the Walkers' credit bid.

14  Respectfully submitted this 22nd day of November, 2010.

15

16  LAW OFFICE OF RICHARD L. STROHM, PC

17

18  _____

19  Richard L. Strohm
    11 West Jefferson Street, Suite 1000
20  Phoenix, Arizona 85003

21  Original filed
22  this 22d day of November, 2010
    with Clerk of the
23  Pinal County Superior Court

24

25  Copy of the foregoing
    Mailed this 22d day of November, 2010 to:

26

27  Hon. Robert Carter Olson
    Pinal County Superior Court
28  P.O. Box 946

Florence, AZ 85132

And to:

Melvin C.Cohen, Esq.
Paul A. Loucks, Esq.
MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701

Kevin R. Keating
THE KEATING LAW FIRM
Kierland Corporate Center, Suite 250
7047 East Greenway Parkway
Scottsdale, Arizona 85254

Michael S. Woodlock, Esq.
GUST ROSENFELD, P.L.C.
1 South Church Avenue, Suite 1900
Tucson, Arizona 85701-1627

# Exhibit 5

# AFFIDAVIT OF JOSEPH PARSONS

STATE OF ARIZONA )
)ss
COUNTY OF PIMA )

Joseph Parsons, being first duly sworn upon his oath, deposes and says:

1.  I make this statement of my personal knowledge.

2.  I am the President of the Parsons Company.

3.  I never had a conversation with Niles Lipin in which we discussed how much I or the Parsons Company paid the attorneys who appeared on my behalf in the State court litigation.

4.  I never stated that the attorneys cost me or Parsons Company nothing.

Further Affiant sayeth not.



_____
Joseph Parsons

SUBSCRIBED ANS SWORN to before me this 5th day of ~~October~~ November, 2012 by Joseph Parsons.

_____
Notary Public

My Commission Expires:

358543

```
OFFICIAL SEAL
VIRGINIA K. WELLS
NOTARY PUBLIC-ARIZONA
PIMA COUNTY
My Comm. Exp. Aug. 17, 2016
```